EL PUEBLO, DEMANDANTE Y APELANTE, *v.* MARTÍNEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de inscripciones en el Registro de la Propiedad, etc.

No. 2219.—Resuelto en junio 28, 1920.

REIVINDICACIÓN — CONSENTIMIENTO DEL PUEBLO DE PUERTO RICO — CONTRA DEMANDA CONTRA EL PUEBLO DE PUERTO RICO.—Así como no puede ejercitarse por medio de demanda la acción reivindicatoria contra El Pueblo de Puerto Rico sin su consentimiento cuando la causa de acción nació antes de aprobarse la Ley No. 76 de 1916, tampoco puede ejercitarse dicha acción contra El Pueblo de Puerto Rico bajo tales condiciones, por medio de contrademanda;

y el hecho de que el fiscal, representando al Pueblo de Puerto Rico, hubiera contestado la contrademanda, no dió jurisdicción a la corte de distrito, cuya sentencia declarándola con lugar es errónea.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. E. Figueras, Fiscal.*

Abogado del apelado: *Sr. F. Parra Capó.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El Pueblo de Puerto Rico adquirió en subasta pública en el año 1906 la propiedad de cierta finca por adjudicación que se le hizo en un procedimiento que siguió contra Juan Giráldez para el cobro de una fianza que había prestado a favor de Francisco Giráldez, finca radicada en el barrio de Pellejas y Vegas Abajo del término municipal de Adjuntas y desde entonces está en posesión de ella. Esa misma finca fué adjudicada posteriormente en el año 1908 a Juan Martínez Domínguez en la subasta celebrada en el pleito que siguió en cobro de pesos contra la Sucesión de Francisco Giráldez Cividanes. Desde 1882 se hallaba la finca inscrita en el registro de la propiedad a nombre de Francisco Giráldez Cividanes por compra que había hecho en el año 1879 e inscrita luego a favor de su sucesión y posteriormente a nombre de Juan Martínez Domínguez. El Pueblo de Puerto Rico no ha inscrito su título.

En 19 de junio de 1916 El Pueblo de Puerto Rico presentó demanda en la Corte de Distrito de Ponce contra Juan Martínez Domínguez por la que solicitaba que se ordenase la cancelación en el registro de la propiedad de la inscripción de esa finca a favor del demandado y que se anulase el título de éste. El demandado contestó esa demanda en seis de enero de 1917 alegando que Juan Giráldez, de quien adquirió El Pueblo de Puerto Rico, no fué dueño de la finca la que pertenecía a Francisco Giráldez Cividanes y la tenía inscrita a su nombre en el registro de la propiedad, después a su sucesión y últimamente al demandado quien también la tiene

inscrita y que aunque no tiene la posesión material de ella ha pagado sus contribuciones a El Pueblo de Puerto Rico. Más tarde, en 25 de noviembre de 1919 el demandado presentó en el mismo pleito contrademanda contra El Pueblo de Puerto Rico para que se declarase la nulidad del título que éste tiene, que la finca es de la propiedad exclusiva del contrademandante y que por la corte se ordene que se la entregue. El Pueblo de Puerto Rico por su fiscal en Ponce contestó esa contrademanda haciendo una negación general de ella y pidiendo que fuera declarada sin lugar. La sentencia dictada en el pleito declaró sin lugar en todas sus partes la demanda y con lugar la contrademanda y declaró nulo el título de El Pueblo de Puerto Rico a esa finca, que era de la exclusiva propiedad de Martínez y ordenó además que le fuera entregada por El Pueblo de Puerto Rico.

En el recurso de apelación que contra esa sentencia ha interpuesto El Pueblo de Puerto Rico nada alega en contra de la sentencia en cuanto declara sin lugar su demanda, sosteniéndolo únicamente por el motivo de que la corte sentenciadora cometió error al admitir la contra demanda y al basarse en ella para dictar su sentencia, fundándose en que El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento. La parte apelada no nos ha presentado alegato escrito en su defensa ni tampoco asistió a la vista de la apelación.

Es cuestión ya considerada y resuelta antes de ahora por el Tribunal Supremo de los Estados Unidos que El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento. *El Pueblo de Puerto Rico* v. *Rosaly y Castillo,* 227 U. S. 270. Posteriormente la Ley No. 76 de nuestra Legislatura del año 1916 autorizó a las cortes de distrito para admitir demandas contra El Pueblo de Puerto Rico en acciones por daños y perjuicios basados sobre contratos celebrados después de la aprobación de dicha ley; por acciones para

reivindicar propiedad inmueble o mueble o derechos sobre la misma, siempre que la causa de acción se origine después de la aprobación de la ley, disponiéndose sin embargo, que no se recobrarán daños y perjuicios ocasionados por El Pueblo de Puerto Rico con anterioridad a la época en que se entable la acción. En el artículo segundo de esa ley se dispone que no podrá entablarse ninguna acción contra El Pueblo de Puerto Rico a menos que el consentimiento para ello esté expresamente incluído en las disposiciones de dicha ley y que todo consentimiento expreso o tácito dado por El Pueblo de Puerto Rico y no incluído expresamente en ella queda por la misma revocado. En el artículo 9º. dispone que cualquier persona que tenga una reclamación contra El Pueblo de Puerto Rico por cualquier causa de acción que se origine con anterioridad a la vigencia de la ley, presentará dentro de un año después de dicha fecha una petición a la Asamblea Legislativa de Puerto Rico solicitando autorización para entablar pleito por la mencionada reclamación en la forma provista en la ley, etc.

De acuerdo, pues, con la jurisprudencia y ley citadas, es claro que El Pueblo de Puerto Rico no podía ser demandado sin su consentimiento por Juan Martínez Domínguez para que se declarase la nulidad del título que aquél tiene sobre la finca que adquirió en subasta ni para pedir que se le entregue.

¿Podrá sin embargo establecerse esa acción en contrademanda sin obtenerse antes el consentimiento de la Asamblea Legislativa de Puerto Rico por el hecho de que El Pueblo de Puerto Rico está demandando a Juan Martínez y solicitando que se anulase la inscripción de su título en el registro de la propiedad?

La contrademanda es una reclamación que formula el demandado contra el demandante en un pleito contra aquel establecido y por tanto si la reclamación no podía establecerse

directamente contra El Pueblo de Puerto Rico sin su consentimiento, tampoco puede hacerse por medio de contrademanda. Juan Martínez Domínguez no podía demandar a El Pueblo de Puerto Rico sin su consentimiento para anular el título que éste tiene desde 1906 porque desde 1908 en que Martínez adquirió la finca y la inscribió nació su acción para obtener esa nulidad y para reivindicarla, o sea con anterioridad a 1916 en que fué aprobada la expresada ley; y el hecho de que el Fiscal del Distrito de Ponce contestara la contrademanda que Martínez formuló en este pleito no dió jurisdicción a la corte inferior para resolver dicha contrademanda porque El Pueblo de Puerto Rico por su Asamblea Legislativa es la única que puede prestar su consentimiento para ser demandado. 24 R. C. L., pág. 885, párrafo 94; *People v. M. Miles et al.,* 56 Cal. 401; *More v. State,* 10 Am. St. Rep. 712; 18 Am. Digest, Decennial Edition 197; *State of Arkansas v. American Bridge Manufacturing Co.,* 33 L. R. A. (N. S.) 376; *People v. Sanitary District of Chicago,* 71 N. E. 334, 36 Cyc. 912.

Por las razones expuestas la sentencia apelada debe ser revocada solamente en el particular que declara con lugar la contrademanda, nulo el título de El Pueblo de Puerto Rico y ordena que entregue la finca a Juan Martínez Domínguez, confirmándose en lo demás.

> *Revocada la sentencia apelada en cuanto declara con lugar la contrademanda y nulo el título del Pueblo de Puerto Rico ordenando la entrega de la finca al demandado, y confirmada en los demás particulares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.