JOSEFA AMALIA ORTIZ LUNA, demandante y apelada, *v.* PEDRO CLAUSELLS ARMSTRONG, MANUEL ANTONIO MAYORAL BARNÉS, MANUEL MAYORAL BARNÉS, ANA MARÍA BARNÉS PLAJA y ANTONIO DOMINICCI ORTIZ, demandados y apelante el primero.

No. 3295.—*Visto:* Enero 20, 1925. *Resuelto:* Julio 24, 1925.

1. REIVINDICACIÓN—ACCIÓN SUBSIDIARIA EN RECLAMACIÓN DEL VALOR DE LA FINCA —SENTENCIA—PRONUNCIAMIENTO ERRÓNEO.—Declaradas nulas ciertas escrituras de compraventa en las que no fué parte uno de los demandados en la acción, y apareciendo que el título de adquisición de dicho demandado no se pidió por el demandante que se anulara ni la sentencia lo declara nulo y que dicho demandado vendió, según la demanda, las fincas a que se contraen dichas escrituras, fraccionadas en solares, a otros que no fueron de-

mandados en el pleito, la condena contenida en la sentencia de devolver dichas fincas es errónea.

2. FRAUDE — ACCIONES — EVIDENCIA — PRUEBA NECESARIA PARA ESTABLECER EL FRAUDE.—Estando toda presunción en contra del fraude, y necesitándose algo más que una mera sospecha para probar su existencia, debe aquél demostrarse por medio de pruebas que sean claras, sólidas y convincentes.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), declarando con lugar la demanda, con costas. *Revocada* en cuanto se refiere al apelante.

*José F. Fernández Coronas* y *José Fernández Segarra*, abogados del apelante; *José R. Gelpí* y *Angel Fiol Negrón*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Por escritura pública No. 225 de 13 de noviembre de 1920 don Antonio Dominicci como apoderado de su madre Josefa Amalia Ortiz vendió a don Manuel Antonio Mayoral Barnés una finca de seis cuerdas de terreno y un solar por precio de $3,200 que confesó haber recibido antes de aquel acto; y el mismo día y ante el mismo notario fué otorgada otra escritura No. 226 en la que doña Ana María Barnés Plaja con el consentimento de su esposo don Manuel Mayoral Barnés reconoció haber recibido de doña Josefa Amalia Ortiz por conducto de su apoderado Dominicci la cantidad de $3,200 en calidad de préstamo cuya devolución le garantizó con certificados de acciones preferidas y con acciones comunes, cuyo valor se fijó en $6,400, de la Sociedad Hidroeléctrica de Ponce. Posteriormente, por escritura de 15 de enero de 1921 don Pedro Clausells compró a don Manuel Antonio Mayoral Barnés las dos expresadas fincas.

Más tarde doña Josefa Amalia Ortiz demandó a su hijo Dominicci, a don Manuel Antonio Mayoral Barnés, a los padres de éste don Manuel Mayoral Barnés y doña Ana María Barnés Plaja y a don Pedro Clausells alegando que don Manuel Mayoral Barnés, padre, y don Pedro Clausells se pusieron de acuerdo para comprar dichas fincas a su apoderado pero la escritura fué otorgada a nombre de un hijo de don Manuel Mayoral Barnés, ignorando el apoderado que

dicho señor tuviera un hijo de los mismos nombres y ape-
llidos: que el precio de la venta no ha sido satisfecho por
los demandados: que Manuel Mayoral Barnés y don Pedro
Clausells eran oficiales de la Sociedad Hidroeléctrica de
Ponce y sabían que las acciones de dicha compañía no te-
nían valor en el mercado pero con el propósito de defrau-
dar a la demandante convencieron a su apoderado para que
firmase la escritura No. 226 por la que doña Ana María re-
conoció deber en préstamo a la demandante $3,200, sin ser
esto cierto, y le garantizó su pago con las acciones dichas
las que nunca entregó; y alegando también que don Pedro
Clausells compró las fincas a Mayoral y divididas en sola-
res las ha vendido a otras personas, solicitó de la corte in-
ferior que declarase nulas las referidas escrituras Nos. 225
y 226 y que ordene la entrega de las fincas a la demandante,
y que, en su defecto, los demandados le paguen mancomu-
nada y solidariamente el precio de las fincas, o sea, la can-
tidad de $3,200 con sus intereses legales desde el día de la
venta y las costas.

Don Pedro Clausells alegó entre otras defensas su carác-
ter de tercero por ignorar que en el título de su vendedor
hubiera defecto alguno y por haber adquirido las dos fincas
de buena fe y con justo título por precio de quien aparece
ser su dueño, y por no constar del registro en cuanto a la
finca de seis cuerdas, que es la que está inscrita, vicio alguno
de nulidad.

La corte inferior dictó sentencia en los mismos términos
que pidió la demandante y contra ese fallo interpuso don
Pedro Clausells el presente recurso de apelación.

[1] Puesto que esta apelación la ha interpuesto don Pe-
dro Clausells y puesto que su título de adquisición no se
pidió por la demandante que fuese anulado ni la sentencia
lo declara nulo, nos bastará con considerar y decidir si es
procedente su condena de pagar mancomunada y solidaria-
mente la cantidad de $3,200 a que ha sido condenado. Sin
embargo, queremos hacer constar antes que puesto que la

demanda alega, y es cierto, que Clausells vendió las dos fin-
cas fraccionadas en solares a otras personas que no han
sido demandadas, no es procedente la condena que contiene
la sentencia de devolver las fincas a la demandante, habiendo
la corte inferior cometido error en este pronunciamiento,
por no haber entendido que no se ejercitaba una acción rei-
vindicatoria en la demanda y que no podía ejercitarse por
no hallarse las fincas en la posesión de los demandados o
de alguno de ellos, sino la acción subsidiaria en reclamación
de su valor.

[2] Concretada así la cuestión tendremos que examinar
la evidencia para decidir si el apelante intervino en la con-
fabulación que se alega hubo para obtener del apoderado
de la demandante que otorgara la escritura No. 225 por la
que Dominicci vendió las fincas a Mayoral o en la otra No.
226 de préstamos con garantía, las que han sido declaradas
nulas y en las que no fué parte contratante don Pedro Clau-
sells.

Resulta de la prueba por escritura pública de 6 de mayo
de 1920 que Dominicci como apoderado de su madre dió
una opción de compra de las dos fincas a don Pedro Clau-
sells por término de dos meses que vencieron sin que la
comprara; fincas que el 13 de noviembre de 1920 compró
Mayoral y que vendió a don Pedro Clausells en 15 de enero
del año siguiente, en cuya época Clausells había demandado
al padre del dueño de las fincas para que le pagase cierta
cantidad de dinero. En cuanto a la prueba testifical de la
demandante, su hijo Dominicci declaró que don Manuel Ma-
yoral y don Pedro Clausells iban a las fincas a verla: que
con ellos hizo el negocio y les entregó colindancias: que
preguntó a Clausells si tenía el negocio con Mayoral y le
dijo que sí para trazar como ingeniero las calles, y Mayoral
como socio suyo: que Clausells le dijo que iba a comprar
con Mayoral y que éste también se lo dijo: testigo que de-
claró también haber cobrado los intereses de la escritura de
préstamo No. 226 y que dispuso de esas cantidades sin en-

tregarlas a su madre. La demandante declaró que vive en
el campo y que cuando se enteró de la venta fué donde Clau-
sells quien le dijo que no tenía que darle satisfacciones
porque lo que había hecho era cobrarse una cuenta que le
debía Mayoral, quien le pasó la escritura de las fincas: y
que no sabe si don Pedro Clausells y don Manuel Antonio
Mayoral conjuntamente compraron las fincas. Justino Ri-
vera declaró que vió a Mayoral y a Clausells en la finca que
tenía arrendada a la demandante, que la veían para com-
prarla, sin que precise la fecha, y que después los dos le
vendieron un solar de esa finca: que Clausells midió el solar
y le hizo el documento de venta. Maximiliano Hernández,
agente de negocios, dijo que vió a Mayoral y a Clausells en-
trar en la propiedad que era de la demandante y verla por
la parte de las colindancias. Justino Morales vió a dos
personas, cuyos apellidos no dice, cuando entregaron los
puntos de la finca. Don Pedro Clausells declaró que Mayo-
ral le ofreció en venta las fincas y se las compró habiendo
sido inscrita en el registro la que en ella aparecía.

Esa es toda la evidencia de la demandante con respecto
a la confabulación que alega entre don Pedro Clausells y
don Manuel Mayoral para comprarle sus fincas al apode--
rado, evidencia que no es suficiente para que pueda decla-
rarse que Clausells tuvo la confabulación que se alega con
Mayoral, ni de que tuviera noticia de que Mayoral no pagó
el precio de la venta ni tampoco de que tuviera intervención
o conocimiento de que la escritura de préstamo con garantía
de acciones fuera falsa, porque como hemos dicho en el caso
de *Calzado* v. *Carrero,* 15 D.P.R. 363, citando de "Moore
sobre Hechos," el fraude no es una cosa de que se deba
acusar a la ligera y, más enfáticamente, no es una cosa que
se le pruebe a nadie a la ligera, y se necesita algo más que
una mera sospecha para probar la existencia de un fraude,
que debe demostrarse por medio de pruebas que sean claras,
sólidas y convincentes, pues toda presunción está en su con-
tra. En igual sentido hemos decidido muchos casos y muy

recientemente el de *Sabalier* v. *Banco de San Juan y Santiago Iglesias,* fallado el 19 de junio de este año, (pág. 352.)

Por lo expuesto, el primer motivo del recurso imputando manifiesto error a la corte inferior al apreciar la prueba lo declaramos con lugar y en su consecuencia *la sentencia apelada debe ser revocada en cuanto se refiere al apelante don Pedro Clausells, debiendo declararse sin lugar la demanda en cuanto a él.*