Juan Martínez Dominguez, demandante y apelante, *v.* Manuel Sánchez Extremera, demandado y apelado.

No. 4199.—*Visto:* Abril 8, 1927. *Resuelto:* Abril 30, 1928.

*Arjona & Arjona,* abogados del apelante; *George C. Butte, Attorney General* y *Arturo Ortiz Toro, Sub-Procurador,* abogados de *El Pueblo de Puerto Rico,* interventor.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Hace muchos años, o sea, el 19 de junio de 1916, El Pueblo de Puerto Rico entabló en la Corte de Distrito de Ponce una acción para anular el título inscrito a favor de

Juan Martínez Domínguez en el Registro de la Propiedad del citado distrito. El demandado contestó y presentó a la vez una contrademanda contra El Pueblo de Puerto Rico. La Corte de Distrito de Ponce, con fecha 30 de diciembre de 1919, dictó sentencia declarando sin lugar la demanda interpuesta por El Pueblo de Puerto Rico y con lugar la contrademanda. La sentencia de la Corte de Distrito declaró que el título de El Pueblo de Puerto Rico era enteramente nulo y sin valor legal alguno, y ordenó que El Pueblo de Puerto Rico entregara la propiedad a Juan Martínez Domínguez.

Se apeló de esta sentencia. En 28 de junio de 1920 este tribunal dictó la siguiente sentencia:

"Celebrada la vista de este caso con la sola asistencia del apelante en junio 25, 1920, este Tribunal ha considerado la transcripción y el alegato del Fiscal, único que ha comparecido; y, por las razones consignadas en la anterior opinión, resuelve revocar, como revoca, la sentencia apelada que dictó la corte de distrito de Ponce en diciembre 30 de 1919 solamente en cuanto al particular que declara con lugar la contrademanda y nulo el título del Pueblo de Puerto Rico ordenando la entrega de la finca a Juan Martínez Domínguez; y confirmarla, como la confirma, en cuanto a los demás particulares."

La opinión (*El Pueblo* v. *Martínez*, 28 D.P.R. 680) demuestra que el único fundamento por el cual fué revocada la sentencia de la Corte de Distrito de Ponce era que El Pueblo de Puerto Rico no podía ser demandado sin su propio consentimiento, ni en virtud de una demanda directa ni mediante una contrademanda.

Tal vez en aquellos casos en que El Pueblo de Puerto Rico entabla el pleito y se radica una contrademanda, la doctrina de ese caso ha sido modificada por nuestra decisión en el de *El Pueblo de Puerto Rico* v. *Rabell*, 36 D.P.R. 130. No obstante, el caso anterior es la ley para todas aquellas partes que intervinieron en el mismo. En el presente caso es necesario determinar cuál fué el efecto de nuestra revo-

cación y en qué estado quedó el pleito ante la Corte de Distrito de Ponce.

El presente caso es una acción de desahucio contra Manuel Sánchez Extremera, quien como arrendatario de El Pueblo de Puerto Rico se admite que está en posesión de la finca que Juan Martínez Domínguez trata de reivindicar. La Corte de Distrito de Ponce, con fecha 20 de febrero de 1924, después de anotarse la rebeldía, dictó sentencia contra el demandado y ordenó que fuese desahuciado de la finca. No se copia esa sentencia en los autos, pero por las numerosas referencias que se hacen no hay duda alguna de que tal sentencia fué dictada. El Pueblo de Puerto Rico pidió que se le permitiera intervenir y solicitó que se dejara sin efecto la sentencia. La Corte de Distrito de Ponce, el día 8 de marzo de 1924, fundándose en que la petición se había hecho demasiado tarde, se negó a permitir que El Pueblo de Puerto Rico interviniera. Posteriormente, el demandado Manuel Sánchez Extremera solicitó que se dejara sin efecto la sentencia, evidentemente para permitir que El Pueblo de Puerto Rico interviniera. Esta moción fué declarada con lugar y se dejó sin efecto la sentencia de 20 de febrero de 1924. Como veremos, también se apeló de esta resolución. Posteriormente, la corte, habiendo el demandante opuesto objeción y tomado la correspondiente excepción, no permitió que El Pueblo de Puerto Rico interviniera sino hasta el momento en que el caso estaba siendo juzgado sobre sus méritos.

Tanto el demandado como el interventor contestaron alegando varias cuestiones. El demandante alegó, en efecto, que la sentencia anterior de la Corte de Distrito de Ponce, o sea, la fechada 30 de diciembre de 1919, era *res adjudicata* para las partes en este caso. Llegamos a los méritos del caso.

■ El demandado Manuel Sánchez Extremera no es otra cosa que un arrendatario de El Pueblo de Puerto Rico y es enteramente claro que él no puede alegar ningún derecho

que El Pueblo de Puerto Rico no podía alegar. En tanto en cuanto El Pueblo de Puerto Rico esté impedido por el pleito anterior, así lo está Manuel Sánchez Extremera. La Corte de Distrito de Ponce al dictar sentencia a favor del demandado en el presente caso, dijo que las partes eran distintas. En tanto respecta a que la presencia de Manuel Sánchez Extremera hacía que hubiese diferencia, dicha corte estaba equivocada. Artículo 1219 del Código Civil.

La Corte de Distrito de Ponce también resolvió que había un conflicto de títulos y que tal cuestión no podía propiamente ser resuelta en un procedimiento de desahucio. Sin embargo, si un conflicto de título ha sido resuelto previamente entre las mismas partes, la parte vencida en juicio no puede, alegando su título nuevamente, poner fin a un pleito de desahucio. Nuestra jurisprudencia anterior, amén de cualquier otra cosa que pueda indicar, se funda toda sobre la base de que el título en cuestión nunca había sido adjudicado entre las partes.

La Corte, sin embargo, también resolvió que por nuestra sentencia, la declaración hecha anteriormente por la Corte de Distrito de Ponce de que el título de El Pueblo de Puerto Rico era nulo y sin valor legal alguno, había sido revocada. El Attorney General de Puerto Rico sostiene que la sentencia de la Corte de Distrito de Ponce de diciembre 30, 1919, simplemente declaró sin lugar la demanda de El Pueblo de Puerto Rico; que al declararse sin lugar la contrademanda por la sentencia anterior de esta corte, las partes quedaron en *statu quo;* que toda la cuestión permanece tal como si nunca se hubiese entablado el pleito, y que el litigio anterior dejó el supuesto título de cada parte en la misma condición como si nunca se hubiese comenzado el pleito en cuestión. No estamos de acuerdo, pero examinaremos los hechos del litigio anterior un poco más íntimamente.

La opinión de este tribunal en el caso de *El Pueblo de*

*Puerto Rico* v. *Martínez, supra,* fué admitida como prueba
y de ella reproducimos la relación de hechos siguientes:

"El Pueblo de Puerto Rico adquirió en subasta pública en el
año 1906 la propiedad de cierta finca por adjudicación que se le
hizo en un procedimiento que siguió contra Juan Giráldez para el
cobro de una fianza que había prestado a favor de Francisco Giráldez, finca radicada en el barrio de Pellejas y Vegas Abajo del término municipal de Adjuntas y desde entonces está en posesión de
ella. Esa misma finca fué adjudicada posteriormente en el año
1908 a Juan Martínez Domínguez en la subasta celebrada en el
pleito que siguió en cobro de pesos contra la Sucesión de Francisco
Giráldez Cividanes. Desde 1882 se hallaba la finca inscrita en el
registro de la propiedad a nombre de Francisco Giráldez Cividanes
por compra que había hecho en el año 1879 e inscrita luego a favor
de su sucesión y posteriormente a nombre de Juan Martínez Domínguez. El Pueblo de Puerto Rico no ha inscrito su título.

"En 19 de junio de 1916 El Pueblo de Puerto Rico presentó
demanda en la Corte de Distrito de Ponce contra Juan Martínez
Domínguez por la que solicitaba que se ordenase la cancelación en
el registro de la propiedad de la inscripción de esa finca a favor
del demandado y que se anulase el título de éste. El demandado
contestó esa demanda en seis de enero de 1917 alegándose que Juan
Girández, de quien adquirió El Pueblo de Puerto Rico, no fué dueño
de la finca la que pertenecía a Francisco Giráldez Cividanes y la
tenía inscrita a su nombre en el registro de la propiedad, después
a su sucesión y últimamente al demandado quien también la tiene
inscrita y que aunque no tiene la posesión material de ella ha pagado sus contribuciones a El Pueblo de Puerto Rico. Más tarde,
en 25 de noviembre de 1919 el demandado presentó en el mismo
pleito contrademanda contra El Pueblo de Puerto Rico para que se
declarase la nulidad del título que éste tiene, que la finca es de la
propiedad exclusiva del contrademandante y que por la corte se ordene que se la entregue. El Pueblo de Puerto Rico por su fiscal
en Ponce contestó esa contrademanda haciendo una negación general
de ella y pidiendo que fuera declarada sin lugar. La sentencia dictada en el pleito declaró sin lugar en todas sus partes la demanda y
con lugar la contrademanda y declaró nulo el título de El Pueblo
de Puerto Rico a esa finca, que era de la exclusiva propiedad de
Martínez y ordenó además que le fuera entregada por El Pueblo de
Puerto Rico."

Es evidente de esta relación de hechos que Juan Martínez Domínguez tenía un buen título inscrito en el registro de la propiedad. El Pueblo de Puerto Rico trató de anular este título inscrito y fracasó. En el mismo procedimiento el demandado obtuvo la declaración de que el título de El Pueblo de Puerto Rico era nulo y sin valor legal alguno. Esta declaración como tal fué dejada sin efecto por el mero tecnicismo de que El Pueblo de Puerto Rico no podía ser demandado sin su propio consentimiento. No obstante, hubo un juicio ordinario en el caso anterior y se rehusó anular el título de Juan Martínez Domínguez. No sólo es esto cierto, si que también se demostró que El Pueblo de Puerto Rico trató de inscribir su título y no tuvo éxito. Ora tratara de inscribir tal título o no, el hecho sobresaliente era que el apelante tenía un título de la propiedad inscrito, que El Pueblo de Puerto Rico trató infructuosamente de destruir en un juicio ordinario. En lo que al apelante se refiere, es de presumirse que él era un tercero. Nada hay en los autos que destruya esta presunción y permanece como un hecho. El no quedaba obligado por ningún procedimiento instado por El Pueblo de Puerto Rico contra Juan Giráldez. Hubo su título directamente de la sucesión de Francisco Giráldez y trae causa indirectamente del mismo Francisco Giráldez. Ya fuere un tercero o no, él tenía un buen título inscrito y El Pueblo de Puerto Rico fué derrotado al tratar de destruirlo. Fué un hecho que estuvo envuelto enteramente en el litigio. La disposición que rige este caso puede verse en el artículo 1219 del Código Civil. En este caso hubo la más absoluta identidad de personas porque el demandado originalmente es un causahabiente de El Pueblo de Puerto Rico, siendo el primero el arrendatario del último.

En este caso se dictó sentencia a favor del demandante en 20 de febrero de 1924. Se dejó sin efecto esa sentencia. Puede decirse que en apelación confirmamos la orden que dejaba sin efecto tal sentencia en virtud de la oferta o pro-

mesa de El Pueblo de Puerto Rico de que presentaría una buena causa. *Martínez* v. *Sánchez*, 33 D.P.R. 840. La moción para que se dejara sin efecto la sentencia no contenía hechos suficientes, y se basaba, puede decirse, en la oferta de que El Pueblo de Puerto Rico presentaría una buena defensa. Además, en el presente caso hubo una vista completa durante la cual las partes presentaron toda su prueba. Es innecesario considerar los otros errores levantados. *Debe dejarse sin efecto la sentencia y dictarse otra a favor del demandante,* sin especial condena de costas.

El Juez Asociado Señor Texidor no intervino.