ANDRÉS Y LUCIANA AYBAR, demandantes y apelantes, *v.* NATALIA VARA SMITH, CONCEPCIÓN y MARÍA DE LA GLORIA SALAS SMITH y PILAR MORENO SMITH, demandadas y apeladas.

Núm. 7270.—*Sometido:* Marzo 10, 1937. *Resuelto:* Marzo 31, 1937.

Los apelantes comparecieron en persona; *M. Rivera de la Vega,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

En el presente caso los apelantes solicitan que se eliminen del récord el nombre del abogado M. Rivera de la Vega y el alegato por el mismo presentado, por carecer dicho abogado de autoridad legal para representar a las demandadas. Se alega que el referido abogado no tiene representación directa y expresa de sus supuestos clientes para representarlas en este litigio. Se habla de una combinación tramada y fraguada hace dos años por el abogado F. de la Torre, de común acuerdo con el Sr. M. Rivera de la Vega, y se dice que las demandadas apeladas son personas simuladas e inventadas por el primero de dichos abogados. No se presenta prueba alguna en apoyo de estas alegaciones. Ni siquiera aparece jurada la moción presentada por los apelantes. No se rebate en modo alguno la presunción legal de que el abogado que comparece a nombre de un cliente, está autorizado por el mismo para ostentar dicha representación. En vista de esta ausencia de prueba, se declara sin lugar la moción de los apelantes.

Debemos añadir que la corte inferior, en 23 de noviembre de 1935, dictó una resolución haciendo constar, luego de examinada la prueba oral y documental ofrecida por el abogado Manuel Rivera de la Vega, que dicho abogado tiene plena autorización del apoderado de las demandadas en Puerto Rico, para comparecer en este pleito a nombre de ellas.

██ Los demandantes ejercitan esta acción para obtener la nulidad y cancelación de la inscripción a favor de las demandadas en el registro de la propiedad de la finca urbana que se describe en la demanda. Las demandadas presentaron la excepción de cosa juzgada por entender que de los hechos alegados surge claramente que la cuestión planteada ha sido resuelta definitivamente en un pleito anterior entre las mismas partes. Las alegaciones que han dado lugar a esta excepción son las siguientes:

"Que el día 3 de junio de 1918 los abogados F. de la Torre y José Ramírez Santibáñez, sin tener representación legal alguna radicaron ante la Corte de Distrito de San Juan, Sección Primera, una demanda con el número 10605, sobre nulidad de inscripción de la finca descrita en primer término en esta demanda, contra Cristina Marta Smith y Guillermo Smith Delgado, en la cual aparece como una de las demandantes doña Carmen Smith Aybar, cuando en dicha fecha ya dicha señora había fallecido y por tanto no podía comparecer en corte.

"Que en dicha acción los ahora demandantes Andrés y Luciana Aybar Muñoz presentaron una demanda de intervención con el núm. 10605, alegando el derecho que ahora reclaman y en cuya demanda le fué anotada la rebeldía a dicha Carmen Smith Aybar y Natalia Vara Smith; pero por una dilación del abogado defensor de los ahora demandantes, y habiéndose allanado los demandados Cristina Marta Smith y Guillermo Smith Delgado, se dictó sentencia a favor de dicha Carmen Smith Aybar y Natalia Vara Smith, anotándose a favor de ellas la casa número 10 de la calle de San José.

"Que posteriormente las ahora demandadas, Pilar Moreno Smith, Concepción Sala Smith y María de la Gloria Sala Smith, valiéndose de falsas y fraudulentas simulaciones y haciéndose pasar como hijas y herederas de doña Carmen Smith Aybar, cuando hacía escasamente cuatro años que dicha Carmen Smith Aybar había comparecido en dicha demanda, aprovechando la circunstancia de tener el mismo apellido, sorprendieron al Registrador de la Propiedad de San Juan, Sección Primera, y presentándole un testamento apócrifo, hicieron inscribir a su nombre una parte de la finca descrita en el hecho quinto de esta demanda, que es de la exclusiva propiedad de los demandantes.

"Que la otra demandada, Natalia Vara Smith, luego de haber obtenido por la sentencia mencionada en el hecho 12º de esta demanda, y haciéndose pasar fraudulentamente como hija de Carolina Smith Aybar y por ende nieta de don Guillermo Smith Junco, la inscripción de la finca descrita en esta demanda, y también quiso hacerse pasar como heredera de sus alegados padres Felipe Vara Sáez y Carolina Smith Aybar, y para lo cual inscribió en el Registro de la Propiedad de San Juan, Sección Primera, un testamento apócrifo y tramitó ante la Sección Segunda de la Corte de Distrito de San Juan varias declaratorias de herederos con el núm. 3690–91–92–93 usando documentos apócrifos, cuando es lo cierto que dicha Natalia Vara Smith no es tal hija ni heredera de dicho Felipe Vara Sáez y Carolina Smith Aybar, pues éstos no tuvieron hijos."

La corte inferior declaró con lugar la excepción de cosa juzgada, basándose en las alegaciones de la demanda. Puede que no esté completamente desacertado el tribunal *a quo* al sostener esta excepción en cuanto a la identidad de causa y de partes, aunque los hechos alegados resultan algo confusos sobre este último particular; pero no debemos olvidar que se hacen en la demanda imputaciones de fraude, alegándose que Carmen Smith Aybar había fallecido cuando se inició el pleito anterior en junio 3 de 1918; y que los abogados que iniciaron este pleito no ostentaban representación legal de sus presuntos representados. Para los efectos de la resolución de la cuestión previa, tenemos que admitir como cierto que la referida Carmen Smith Aybar había muerto cuando se inició el anterior litigio y que los abogados que comparecieron a nombre de las demandantes carecían de representación legal. Estos hechos, que debemos aceptar como si hubiesen sido probados, impiden, a nuestro juicio, que pueda aplicarse en este caso la doctrina de cosa juzgada, partiendo de la base de las alegaciones de la demanda.

En cuanto a Pilar Moreno Smith, Concepción Sala Smith y María de la Gloria Sala Smith, se afirma también por los demandantes que se hicieron pasar fraudulentamente como hijas y herederas de Carmen Smith Aybar para inscribir a su nombre una parte del inmueble objeto de este litigio. Lo

mismo ocurre con Natalia Vara Smith, de quien se alega que se hizo pasar fraudulentamente como hija de Carmen Smith Aybar y de Felipe Vara Sáez, siendo la verdad que dicha Natalia Vara Smith no es tal hija ni heredera de los referidos esposos.

Convenimos en que los demandantes se limitan a solicitar la nulidad y cancelación de la inscripción en el registro de la finca urbana inscrita a favor de las demandadas; pero toda vez que en la demanda se alegan hechos que de ser ciertos determinan la nulidad de la sentencia dictada en el pleito anterior, no creemos que esa sentencia, nula de acuerdo con las alegaciones, pueda servir de base para sostener que los demandantes están impedidos de promover este pleito en virtud de la sentencia recaída en el litigio referido. Dicho pleito, según la demanda, se falló a favor de las demandantes, y si se decretó la nulidad y cancelación de la inscripción en el registro a favor de las entonces demandadas y se inscribió la finca a favor de las demandantes, la corte tiene necesariamente que entrar a considerar la validez de la sentencia dictada para anular y cancelar la inscripción y ordenar la inscripción de la finca a nombre de los demandantes.

Hay decisiones que sostienen que una sentencia obtenida por medio de fraude es de tal modo inválida que no puede tener fuerza concluyente entre las partes. *Central Trust Co.* v. *Bridges,* 57 F. 753. La sentencia debe haberse dictado en un litigio honrado y genuino y no fraudulento o simulado. *Andes* v. *Ely,* 158 U. S. 312. Otras decisiones sostienen que una sentencia obtenida por fraude ó colusión no es nula sino simplemente anulable, y que constituye cosa juzgada a menos que haya sido dejada sin efecto o anulada en un procedimiento directo. *Hutchinson Co.* v. *Coughlin,* 42 Cal. A. 664, 184 P. 435. Véase también 34 C. J. páginas 769, 900 y 901.

Nosotros creemos que en el presente caso, cualquiera que sea la doctrina que se aplique, no procede declarar con lugar la excepción previa de cosa juzgada, tomando como base una

sentencia que aparece fraudulentamente obtenida de acuerdo con las alegaciones de la demanda. De ser ciertos los hechos alegados, y lo son para los efectos de la excepción previa, el fallo recaído en el pleito anterior es completamente inválido, y no vemos cómo pueda llegarse a la conclusión de que una sentencia así dictada constituya un impedimento para que los demandantes ejerciten una nueva acción.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*