Andrés y Luciana Aybar Muñoz, demandantes y apelantes, v. Natalia Vara Smith, Pilar Moreno Smith y Concepción y María de la Gloria Sala Smith, demandadas y apelantes.

Núm. 8129.—*Sometido:* Febrero 5, 1940. *Resuelto:* Marzo 30. 1940.

Los apelantes comparecieron en su propia representación; *M. Rivera de la Vega,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Las apeladas han presentado una moción para desestimar el recurso. Es menester hacer una relación detallada de los hechos para entender este caso.

Desde el año 1918 ha habido litigios entre las partes aquí envueltas o sus causantes.

Guillermo Smith del Junco, natural de Nueva Orleans, vino a Puerto Rico hace más de cien años. Aquí contrajo matrimonio con Natalia Aybar de la Cruz, y tuvieron tres hijas. Ellos se mudaron a Cádiz, España, donde Smith y su esposa fallecieron. Sus hijas y nietas han vivido allí toda su vida. Mientras se hallaba en Puerto Rico, Smith adquirió dos casas en la ciudad de San Juan. Una de ellas más tarde salió de la posesión de la familia. La otra sirve de objeto a este litigio.

Los demandantes son los nietos de Jacinto Aybar, quien según sostienen ellos era hermano de Natalia.

Las tres hermanas Smith Aybar se llamaban Carmen, Manuela y María Carolina. A esta última se le conocía con el nombre de Carolina.

Manuela falleció siendo soltera y sin dejar descendientes, y sus dos hermanas le sucedieron. En lo que a este litigio se refiere, ella no desempeña papel alguno. María Carolina se casó con Felipe Vara Báez.

Según los demandantes ni Carmen ni Carolina tuvieron hijos.

En 1918 Natalia Vara Smith radicó un pleito en el cual alegaba que ella y su finada hermana Carolina Vara eran hijas de Carolina Smith, quien también había muerto. Que su hermana murió y su padre fué heredero de ésta; que ella era heredera de su padre; y que los derechos de Carolina Smith pasaron a ella. Carmen Smith Aybar también com-

pareció como demandante. Este pleito, núm. 10,605, iba dirigido contra otras personas de apellido Smith que habían obtenido a su nombre la inscripción de las fincas de Guillermo Smith. Los apelantes intervinieron y alegaron título como herederos, mas la corte resolvió el caso a favor de Carmen Smith y Natalia Vara.

Aparece que en 1921 los aquí apelantes solicitaron la administración judicial de los bienes, mas de los autos no se desprende qué se resolvió.

En 1923 Natalia Vara Smith inició varios procedimientos *ex parte* bajo los números 3690, 3691, 3692 y 3693, por los cuales se le declaró heredera de su madre María Carolina Smith, conocida por Carolina.

En 1927 Andrés y Luciana Aybar demandaron a Natalia Vara solicitando la nulidad de la declaración y alegando ser los herederos legales de Carolina Smith. Sostuvieron que Carolina nunca tuvo descendientes y que Natalia Vara Smith no era hija suya. Este caso fué resuelto contra los Aybar. Ellos apelaron y su recurso fué desestimado. Véase 48 D.P.R. 745.

En el ínterin murió Carmen Smith Aybar. Ella dejó testamento e instituyó como únicas herederas a sus tres hijas Pilar Moreno Smith, Concepción Salas Smith y María de la Gloria Salas Smith. Éstas presentaron el testamento en el registro y el título de Carmen Smith fué transferido a ellas.

En junio 30, 1932, Andrés y Luciana Aybar radicaron otra demanda en un pleito para anular las inscripciones de una propiedad en el registro. Trataban de anular los asientos mediante los cuales Natalia Vara Smith, Pilar Moreno Smith, Concepción Salas Smith y María de la Gloria Salas Smith fueron reconocidas como dueñas de una casa en San Juan. La alegación de ellos es que Natalia Aybar, esposa de Guillermo Smith, tenía un hermano, Jacinto Aybar, que era abuelo de ellos; que ni Carmen ni Carolina Smith tuvieron hijos; y que ellos son los herederos legales de las hermanas

Smith Aybar. Ellos han alegado indistintamente que las cuatro demandadas no existen o que existen, pero que no son hijas de Carolina y Carmen Smith. Este tercer caso, núm. 16,986, está ahora por tercera vez en apelación ante este tribunal.

En la demanda los demandantes sostienen que todos los documentos presentados en varias ocasiones por las demandadas para probar su *status* de hijas de Carolina Smith y Carmen Smith son espúreos. Les imputan fraude al tratar de hacerse pasar como hijas de Carmen y Carolina Smith, e insisten en que las referidas hermanas Smith Aybar nunca tuvieron descendientes.

La alegación específica lee:

"13.—Que posteriormente, las ahora demandas (*sic*), Pilar Moreno Smith, Concepción Sala Smith y María de la Gloria Sala Smith, valiéndose de falsas y fraudulentas simulaciones y haciéndose pasar como hijas y herederas de doña Carmen Smith Aybar, cuando hacía escasamente cuatro años que dicha Carmen Smith Aybar había comparecido en dicha demanda aprovechando las circunstancias de tener el mismo apellido, sorprendieron al Registrador de la Propiedad de San Juan, Sección Segunda, y presentándole un testamento apócrifo hicieron inscribir a su nombre una parte de la finca descrita en el hecho 5º. de esta demanda, que es de la exclusiva propiedad de los demandantes, por el derecho de nuseción de herencia alegado anteriormente."

Las demandadas excepcionaron la demanda fundadas en que el pleito era *res judicata* entre las partes. El juez de distrito Hon. A. R. de Jesús, sostuvo la excepción y dictó sentencia declarando sin lugar la demanda. Los demandantes apelaron y la sentencia fué revocada y devuelto el caso. 51 D.P.R. 186.

Luego de un juicio la corte de distrito dictó sentencia en favor de las demandadas por entender que la cuestión en controversia entre las partes ya había sido resuelta en procedimientos anteriores y que los demandantes no habían probado que las sentencias en ellos dictadas hubieran sido obtenidas fraudulentamente.

Por segunda vez los demandantes apelaron. Las apeladas solicitaron la desestimación y esta corte, por voz del Juez Asociado Sr. Hutchison, declaró sin lugar la moción. 52 D.P.R. 972.

La apelación fué vista y la sentencia revocada por el solo motivo de que a los apelantes se les había privado de su derecho a examinar a un testigo. El caso fué devuelto para nuevo juicio. 54 D.P.R. 153.

Se celebró un nuevo juicio y la corte de distrito una vez más dictó sentencia en favor de las demandadas. Los demandantes apelan nuevamente. La base de su demanda es:

"1.—Que los demandantes Andrés y Luciana Aybar Muñoz son las únicas personas con derecho a la herencia dejada por sus primas hermanas Carmen, Manuela y Carolina Smith Aybar, por haber éstas fallecido sin dejar ascendientes ni descendientes legítimos ni naturales, ni otros herederos por la vía colateral, que estos demandantes.

"2.—Que la finca descrita en esta demanda pertenece y es de la exclusiva propiedad de los demandantes a título de herencia de sus primas hermanas Carmen, Manuela y Carolina Smith Aybar.

"3.—Que es nula, ineficaz y de ningún valor la sentencia obtenida a su favor por Carmen Smith Aybar y Natalia Vara Smith en el caso civil 10,605 de esta misma corte, y nula e ineficaz la inscripción a favor de ellas en el Registro de la Propiedad de la finca en litigio.

"4.—Que es nula, ineficaz y sin ningún valor la inscripción efectuada por las demandadas Natalia Vara Smith, Pilar Moreno Smith, Concepción y María de la Gloria Sala Smith, a sus nombres, en el Registro de la Propiedad de San Juan, Sección Primera de la finca de referencia.

"5. Que se ordene en consecuencia la cancelación de dichas inscripciones en el Registro de la Propiedad y en su lugar se inscriba la citada finca a nombre de estos demandantes, Andrés y Luciana Aybar Muñoz, a título de herencia de las susodichas Carmen, Manuela y Carolina Smith Aybar, en cualquier otro pronunciamiento pertinente y en imposición de las costas y gastos a los demandados."

La corte de distrito dijo:

"No habiendo probado los demandantes que ellos sean herederos de Carmen, Manuela y Carolina Smith Aybar, por haber dejado

éstas herederos forzosos, no tendríamos necesidad de entrar a considerar los fraudes y nulidades que alegan en sus demandas, pero examinada la prueba de los demandantes debemos hacer constar que tampoco han presentado la prueba que se requiere para dejar establecido un fraude. Para probar una alegación de fraude, la evidencia tiene que ser clara, sólida, robusta y convincente, sin dejar nada a conjeturas y sospechas. *Calzado* v. *Carrero,* 15 D.P.R. 370; *Sabalier* v. *Iglesias,* 34 D.P.R. 352; *Ortiz* v. *Clausells,* 34 D.P.R. 536. Muy serias son las imputaciones que hacen los demandantes a varios abogados, de reconocida probidad en el ejercicio de su profesión, que han intervenido en estos casos para que pueda una corte aceptarlas como ciertas sin tener ante sí una prueba legal fuerte y robusta que no sólo sirva para darle la razón a los demandantes en su acción, sino aun para imponer el correctivo a quienes han hecho mal uso de su toga y quebrantado el juramento que prestaron al ser investidos en ella. Por el contrario, la prueba de los demandados, consistente en documentos auténticos, debidamente legalizados en España, ante las autoridades competentes, demuestran sin dejar lugar a dudas en la mente del juzgador, que no ha habido tal fraude.

"Estos casos tienen la condición de cosa juzgada ya que las mismas cuestiones fueron planteadas y resueltas entre las mismas partes en el caso núm. 5502, supra. Y aun cuando dicho caso fué resuelto por el fundamento principal de que la demanda no aducía una causa de acción, aunque se vió la prueba, aun cuando lo hubiera sido por excepción previa, siempre sería aplicable la defensa de cosa juzgada. (Véase *Aguilera* v. *Pérez,* 51 D.P.R. 1.) En aquel caso los demandantes pedían la nulidad de la declaratoria de herederos de la demandada Natalia Vara Smith, al igual que la piden en estos casos, junto con la nulidad de la declaratoria de herederos de las demás demandadas Moreno Smith y Sala Smith y, como consecuencia la nulidad de las inscripciones en el Registro de la Propiedad de las fincas heredadas por dichas demandadas. Existe, por tanto la identidad de causas, cosas y personas que requiere el Artículo 1204 del Código Civil (ed. 1930) para que pueda prevalecer la presunción de cosa juzgada y el hecho de que en los casos de autos hayan otros demandados que no lo fueron en el caso núm. 5502, supra, no impide que prevalezca, ya que dichos demandados están unidos a la demandada Natalia Vara Smith, del caso núm. 5502, por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas, según dispone dicho artículo 1204. *González* v. *Méndez,* 15 D.P.R. 701; *Martínez* v. *Sánchez Extremera,* 38 D.P.R. 120.

"Es cierto que la Corte Suprema en este mismo caso, *Aybar* v. *Vara,* 51 D.P.R. 186, resolvió que no procedía la excepción previa de cosa juzgada ya que a los efectos de dicha excepción había que aceptar como ciertos los hechos alegados en la demanda, pero ahora estamos resolviendo los casos en sus méritos, después de conocer toda la prueba sin que ésta haya demostrado en·forma alguna la veracidad de los hechos alegados en las demandas."

Después de la sentencia dictada por la corte de distrito en el primer caso, núm. 10,605, las sentencias posteriores han resuelto no sólo que el caso de los apelantes no tiene méritos, sino también que es *res judicata.* Específicamente la sentencia dictada en el caso núm. 5502, confirmada por nosotros en 48 D.P.R. 745, resolvió que los apelantes no habían probado su parentesco con Natalia Aybar, y que Natalia Vara Smith era heredera legal de Carolina Smith Aybar.

Después de esa sentencia los apelantes han tenido dos juicios en la corte de distrito y dejado de probar su caso.

En respuesta a la moción para desestimar, conforme les entendemos, los apelantes han dicho que el caso se halla nuevamente en las mismas condiciones en que lo estaba cuando en la decisión *per curiam* de marzo 29, 1938, rehusamos, por voz del Juez Asociado Sr. Hutchison, desestimar la apelación en la siguiente forma:

". . . y existiendo la posibilidad de que tal alegato, una vez presentado, pueda arrojar alguna luz sobre las cuestiones ahora suscitadas por la moción para desestimar; atendidas las circunstancias especiales del caso y especialmente el hecho de que los apelantes son legos, sin representación legal y en tal virtud el caso exige una consideración más detenida que de otro modo sería necesario para evitar la posibilidad de alguna injusticia inadvertida; no ha lugar por ahora a la desestimación solicitada." *Aybar* v. *Vara,* 52 D.P.R. 972, 973.

Los autos completos están ante nos. La sugestión sobre la radicación de un alegato no había sido cumplida cuando oímos la moción para desestimar el 5 de febrero de 1940. Tan sólo ha sido recientemente, es decir en 20 de marzo de 1940, que los apelantes han radicado su alegato.

No creemos que los apelantes, en su alegato o en alguna otra forma, hayan ilustrado a este tribunal en torno a los méritos de su caso, conforme se sugirió en la opinión arriba copiada; y es evidente que las demandadas tienen derecho a solicitar que este litigio termine. *Interest reipublicae ut sit finis litium.*

Este tribunal ha prestado cuidadosa atención al presente caso, especialmente por haber notado el hecho de que los apelantes no están representados por letrado y se defienden a sí mismos. Hemos leído las muchas mociones presentadas ante este tribunal y ante la corte inferior, a pesar de que por lo general éstas son defectuosas. No hemos podido hallar razón alguna para denegar la moción de las apeladas. Los apelantes han sostenido en todo momento que un prominente letrado de San Juan se inventó a las demandadas para que les defraudaran, o hizo que estas cuatro personas reclamaran una herencia que legalmente pertenece a los demandantes. También sostienen que todos los testamentos, poderes y certificaciones de sentencias de los tribunales españoles en varios procedimientos de testamentaría, que en distintas ocasiones se han presentado por el agente de las demandadas, son falsificados.

Los apelantes han tenido amplias oportunidades para probar las imputaciones de fraude y nunca han tenido éxito. Continuamente han planteado las mismas cuestiones que siempre han sido resueltas en su contra. No vemos razón válida alguna por la cual no deba desestimarse la apelación.

*Debe declararse con lugar la moción y desestimarse por frívolo el recurso.*