MELÓN HNOS. & CO., S. EN C., demandante y apelada, *v.* R. MUÑIZ DE LEÓN, demandado y apelante.

No. 6332.—*Sometido:* Mayo 22, 1934. *Resuelto:* Junio 26, 1934.

*Susoni & Defendini,* abogados del apelante; *Angel A. Vázquez,* abo-gado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Melón Hnos. & Co., S. en C., demandó a R. Muñiz de León en cobro de dinero y solicitó una orden de aseguramiento de sentencia, que fué expedida en 12 de diciembre de 1932.

Al siguiente día el márshal, cumplimentando la referida orden, embargó bienes de R. Muñiz de León & Co., S. en C., como de la propiedad de R. Muñiz de León.

Declara la corte inferior que en 15 de diciembre de 1932, radicó la demandante, con permiso de la corte, una demanda enmendada para corregir un error en el nombre de la parte demandada, de manera que figurase el verdadero, que es ''R. Muñiz de León & Co., S. en C.'', y se ordenó la corrección del nombre en los procedimientos y libros de la corte y la expedición de un nuevo emplazamiento.

R. Muñiz de León presentó moción de traslado, acompa-ñada de un *affidavit* de méritos y escrito de excepción previa, en 30 de diciembre de 1932, pagando los derechos de radica-ción de sus alegaciones; y R. Muñiz de León & Co., S. en C., solicitó también el traslado, acompañando la moción de un *affidavit* de méritos de R. Muñiz de León y una excepción previa, en 17 de enero de 1933, sin pagar derecho alguno de radicación.

En febrero 14 de 1932, R. Muñiz de León & Co., S. en C., representada por su abogado Francisco M. Susoni, Jr.,

presentó moción desistiendo del traslado, sometiéndose a la competencia de la corte y solicitando la nulidad del embargo trabado el 13 de diciembre de 1932, por haberse realizado en propiedad de R. Muñiz de León & Co., S. en C., que es una entidad jurídica distinta a R. Muñiz de León. La demandante se opuso a esta moción, presentando una fianza enmendada para asegurar la efectividad de la sentencia, pidiendo que se admitiese con efecto retroactivo para cubrir el embargo trabado en 12 de diciembre de 1932, en bienes de la referida demandada y alegando que por una inadvertencia del taquígrafo que puso en limpio las minutas de la demanda en este caso, se omitió escribir las palabras ''y Co., S. en C.'' al lado del nombre de R. Muñiz de León, y que en vista de este error la corte, a solicitud de dicha demandante, admitió que la demanda fuese enmendada para que apareciese como demandada R. Muñiz de León & Co., S. en C., en vez de R. Muñiz de León. Se alegó, además, que la referida demandante no ha llevado cuenta alguna de mercaderías con R. Muñiz de León, en su carácter particular, sino con R. Muñiz de León & Co., S. en C., por medio de su gestor, R. Muñiz de León, y que siempre fué y ha sido la intención de la deman dante dirigir la acción en este caso contra su deudora, R. Muñiz de León & Co., S. en C.

La corte inferior aprobó la fianza presentada para asegurar la efectividad de la sentencia con carácter retroactivo, a fin de responder a la demandada de los daños y perjuicios que pudiesen ocasionarse con motivo del embargo trabado en 13 de diciembre. de 1932, y declaró sin lugar la moción de la demandada sobre nulidad de embargo.

Apeló la demandante de esta resolución, atribuyendo a la corte inferior dos errores, consistentes en haber permitido enmendar la demanda sustituyendo a la parte demandada por otra persona completamente distinta de la original y en haberse negado a anular el embargo trabado en los bienes de dicha demandada.

Hemos examinado detenidamente las alegaciones de la

demanda y creemos que no procede en este caso la enmienda autorizada por la corte inferior. En el hecho primero de la demanda se alega que el demandado es ,comerciante con establecimiento abierto en el pueblo de Ciales. En el hecho segundo se alega que ''el demandado debe a la demandante la suma de $660.30, importe de mercaderías compradas por dicho demandado a la demandante'', y que el demandado mostró su conformidad con el saldo de dicha cuenta. En el hecho tercero se dice que la demandante y el demandado convinieron que para el caso de reclamación judicial el demandado se sometía a la jurisdicción de la corte de distrito del domicilio de la demandante. En los hechos tercero, cuarto y quinto de la segunda causa de acción se habla también específicamente del demandado, y en la súplica de la demanda se pide que la corte dicte sentencia contra el demandado condenándolo al pago de la suma reclamada con intereses legales y las costas.

La orden de aseguramiento de sentencia solicitada por la demandante ordena el embargo de bienes del demandado suficientes a cubrir la suma reclamada.

La acción ejercitada se dirige directamente contra R. Muñiz de León, y no en una sino en varias ocasiones se repite la palabra *demandado,* sin que se advierta que fué el propósito de la demandante dirigir dicha acción contra R. Muñiz de León & Co., S. en C. Según consta de los autos, se demandó y emplazó originalmente a R. Muñiz de León, y el embargo se ordenó contra bienes de la propiedad del demandado. La orden dirigida al márshal dispone que ''proceda a embargar toda la propiedad de dicho demandado o aquella parte de la misma suficiente a cubrir la suma que se reclama en la demanda y las costas.'' En el certificado de diligenciamiento el márshal dice que procedió a embargar ''como de la propiedad del demandado y por designación de la parte demandante, las mercancías, muebles y enseres del establecimiento que el demandado tiene en el pueblo de Ciales.'' Claramente se ve que se embargaron los referidos bienes como

si fuesen de la propiedad del demandado, aunque después se ha demostrado que estos bienes pertenecían a R. Muñiz de León & Co., S. en C. La demandante solicitó permiso para enmendar la demanda; pero aunque se alegue que se trata de subsanar un error cometido por inadvertencia, la verdad es que se incorpora en la acción como única parte el nombre de una distinta persona que no había sido originalmente emplazada. La solicitud de un nuevo emplazamiento para continuar la acción a nombre de R. Muñiz de León & Co., S. en C., demuestra que la misma demandante consideró que no podía continuar ejercitando la referida acción contra la nueva parte bajo el emplazamiento originalmente expedido.

Hemos estudiado con alguna atención la cuestión planteada, favorablemente inclinados a conceder la enmienda autorizada por la corte inferior, a fin de evitar a la demandante la necesidad de iniciar un nuevo litigio; pero en nuestro sentir la ley de enjuiciamiento civil no nos autoriza para permitir que se incluya como demandada a una persona jurídicamente distinta de la que figuró en la demanda primitiva y fué originalmente emplazada. No se trata en este caso de corregir un error de nombre sino de sustituir una parte por otra sin que de la demanda primitiva surja relación alguna entre el demandado original y la mercantil R. Muñiz de León & Co., S. en C., que para nada se menciona en dicha demanda. La jurisprudencia consultada por nosotros en el estudio que hemos hecho de la cuestión debatida demuestra que la enmienda autorizada por la corte inferior no puede ser sostenida. Vamos a permitirnos citar el caso de *Daly* v. *Blair*, 150 N.W. 134, que de todas las decisiones consultadas es quizá la que se produce con mayor liberalidad sobre la facultad de las cortes para conceder enmiendas en relación con las partes demandadas. En este caso, resuelto por la Corte Suprema de Michigan, el demandante sufrió un accidente en un cruce de ferrocarril en marzo 12 de 1912. En 5 de abril del mismo año se nombraron síndicos a la empresa ferroviaria. En 26 de febrero de 1913, el lesionado inició contra los síndicos una

demanda, en la cual exponía una causa de acción contra la compañía. El diligenciamiento de la orden de citación demostró que se había notificado la demanda a un agente de **la referida compañía.** Comparecieron los demandados y durante la celebración del juicio se descubrió que el accidente había ocurrido antes de que los síndicos hubiesen sido designados. Los demandados pidieron un veredicto a su favor, basados en que no podía obtenerse una sentencia contra ellos por lesiones que fueron ocasionadas con anterioridad a su nombramiento. Pidió el demandante permiso para sustituir el nombre de los síndicos por el de la compañía ferroviaria. La corte inferior denegó esta petición, por entender que carecía de autoridad para decretar la sustitución solicitada. La Corte Suprema de Michigan, resolviendo el caso en apelación, se expresó así:

"En apoyo de su alegación de que la corte inferior tuvo facultad, bajo nuestro estatuto sobre enmiendas, para enmendar la demanda, el demandante cita varios casos de síndicos sustituídos por la compañía y la compañía por los síndicos, pero en casi todos los casos citados la equivocación ocurrió con respecto al nombre del demandante. En el caso de una equivocación en el nombre del demandante, la parte que propone la sustitución es usualmente el peticionario, y por lo tanto no se levanta la cuestión de notificación. Pero en el caso de una equivocación en el nombre del demadado, la cuestión vital es siempre si la parte que propone la sustitución ha sido o no emplazada. A menos que pueda decirse que la compañía ferroviaria ha sido emplazada en esta demanda, la enmienda solicitada por el demandante está claramente fuera de la facultad de la corte y no puede ser permitida.

"Una regla que ha sido algunas veces seguida al corregir equivocaciones de nombres en alegaciones es que 'cuando la verdadera corporación ha sido demandada por un nombre equivocado y el emplazamiento ha sido servido a la verdadera parte, aunque con un nombre equivocado, una enmienda sustituyendo el verdadero nombre de la corporación puede ser permitida.' 31 Cyc. 488. La demanda en este caso claramente expone una causa de acción contra la compañía y no contra los síndicos. El diligenciamiento del emplazamiento demuestra que una copia de la demanda fué servida a la compañía ferroviaria. Es verdad que los síndicos aparecen como demandados, pero

los documentos en su faz dieron conocimiento al agente de la compañía de que la negligencia de la misma era la base de la demanda. En vista de estas circunstancias, nosotros creemos que la corte sentenciadora tuvo poder para permitir la enmienda.''

Los hechos expuestos por la Corte Suprema de Michigan difieren notablemente de los que sirvieron de base a la resolución de la Corte de Distrito de San Juan. En el caso de Michigan se emplazó a un agente de la compañía ferroviaria en su carácter de tal, y no hubo necesidad de expedir y diligenciar un nuevo emplazamiento. Allí la demanda exponía claramente una causa de acción contra la compañía; aquí la demanda expone una causa de acción contra R. Muñiz de León y no contra la sociedad mercantil R. Muñiz de León & Co., S. en C. Aquí no podría decirse que el emplazamiento fué servido a la verdadera parte, aunque con un nombre equivocado, porque de las alegaciones de la demanda no surge ni siquiera remotamente la existencia de la sociedad mercantil y su relación con la reclamación interpuesta por la parte demandante. El error apuntado debe ser declarado con lugar.

Sentadas estas conclusiones, se impone la disolución del embargo trabado en bienes de R. Muñiz de León & Co., S. en C. Si la corte no tuvo autoridad para permitir la enmienda, si la sociedad referida no es parte demandada, sus bienes no pueden estar sujetos a un embargo decretado contra bienes de una distinta persona y en una acción en la cual no figura como demandada.

*Debe revocarse la resolución apelada y devolverse el caso a la corte inferior para ulteriores procedimientos de acuerdo con esta opinión.*