MELÓN HNOS. & CO., S. EN C., demandante y apelante, *v.* R. MUÑIZ DE LEÓN & CO., S. EN C., demandada, y JOSÉ R. VILLAMIL, interventor y apelado.

No. 6795.—*Sometido:* Noviembre 27, 1935. *Resuelto:* Marzo 18, 1936.

---

* NOTA: Véase el prefacio.

704

*Angel A. Vázquez,* abogado de la apelante; *Susoni & Defendini,* abogado de la demandada; *J. J. Fuertes,* abogado del interventor y apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió ·la opinión del tribunal.

Melón Hnos. & Co., S. en C. demandó a R. Muñiz de León en cobro de dinero y solicitó una orden de aseguramiento de sentencia que fué decretada contra bienes de la propiedad del demandado. En 13 de diciembre de 1932, el márshal, cumplimentando la referida orden, embargó como de la propiedad de R. Muñiz de León bienes pertenecientes a R. Muñiz de León & Co., S. en C.

Tres días después de trabado el embargo la parte demandante, con autorización de la corte de distrito, presentó una demanda enmendada, haciendo figurar como demandada a R. Muñiz de León & Co., S. en C. por haber sufrido un error al demandar a R. Muñiz de León. Algún tiempo después la sociedad R. Muñiz de León & Co., S. en C., contra la cual se expidió un nuevo emplazamiento, solicitó la nulidad del embargo por haberse trabado en una acción dirigida contra R.

Muñiz de León y no contra la referida sociedad, que es una distinta entidad jurídica. La corte inferior declaró sin lugar la moción de la demandada sobre nulidad de embargo. La referida resolución fué más tarde revocada por esta Corte Suprema. *Melón Hnos. & Co., S. en C.* v. *Muñiz de León,* 47 D.P.R. 91.

Mientras se sustanciaba la apelación continuó el pleito en la corte de distrito contra R. Muñiz de León & Co., S. en C. hasta su terminación. Los bienes embargados sujetos a deterioro fueron vendidos por orden judicial, produciendo la venta la cantidad de $703.02, que fué depositada en la secretaría de la Corte de Distrito de San Juan. Estos bienes fueron también embargados en 21 de diciembre de 1932 por José R. Villamil, quien había demandado a la referida sociedad R. Muñiz de León & Co., S. en C. en la Corte de Distrito de Arecibo. Luego, cuando los bienes fueron vendidos y depositado su importe en la Secretaría de la Corte de Distrito de San Juan, Villamil pidió y obtuvo que se dictara una nueva providencia, en 13 de octubre de 1933, ordenando al secretario de la Corte de Distrito de San Juan que se abstuviera de entregar o disponer del importe de dichos bienes.

Firme ya la sentencia obtenida por Melón Hnos. & Co., S. en C., contra la sociedad mencionada, solicitó que se le entregara la cantidad depositada en la secretaría de la corte de distrito. Se negó el tribunal a decretar lo solicitado, porque los bienes habían sido también embargados por José R. Villamil. Entonces Melón Hnos. & Co., S. en C., pidió que se citara a Villamil para que mostrara causa por la cual no debía ser entregado a la sociedad referida el dinero depositado. Así lo hizo la corte, y haciendo constar que de los autos no aparecía oposición alguna formulada por el Sr. Villamil, ordenó al secretario del tribunal que entregase la suma de $728.47 que tenía en su poder como producto de los bienes embargados a la demandada en aseguramiento de sentencia y que fueron también embargados por José R. Villamil. A pesar de que la corte dice que de los autos no surge

la comparecencia de Villamil, la verdad es que el mismo compareció mediante moción oponiéndose a la entrega del dinero.

Al recaer el fallo de esta Corte Suprema decretando la nulidad del embargo trabado contra bienes de R. Muñiz de León & Co., S. en C. antes de figurar como parte demandada, el Sr. Villamil solicitó de la corte que ordenase a Melón Hnos. & Co., S. en C., bajo apercibimiento de desacato, que depositase inmediatamente en la secretaría del tribunal el dinero que le había sido entregado. Se opuso la sociedad referida a esta solicitud, pidiendo su eliminación, por no ser Villamil parte en el litigio y no tener a su juicio derecho para intervenir y obtener el remedio solicitado. La corte ordenó que se requiriese inmediatamente a la referida sociedad para que sin excusa ni pretexto alguno, bajo apercibimiento de desacato, devolviese y depositase en la secretaría de la corte la cantidad de $728.47 que le fué entregada en virtud de resolución judicial. Contra esta orden interpuso la parte perjudicada el presente recurso de apelación.

La parte apelante llama la atención hacia el hecho de que Valentín Polanco de Jesús, abogado de R. Muñiz de León & Co., S. en C., es quien aparece demandando a esta sociedad y embargando sus bienes á nombre de José R. Villamil, para cobrarle la suma de $1,500 de principal, con sus intereses. El abogado Polanco, a nombre de Villamil, embarga a R. Muñiz de León & Co., S. en C., los mismos bienes que ocho días antes habían sido embargados por Melón Hnos. & Co., S. en C. en la acción dirigida contra R. Muñiz de León. Y es también cierto que el Sr. Polanco, abogado de R. Muñiz de León & Co., S. en C. en el pleito seguido contra dicha sociedad por Melón Hnos. & Co., S. en C., aparece al mismo tiempo representando a José R. Villamil en el pleito incoado por éste contra la susodicha sociedad R. Muñiz de León & Co., S. en C., que culminó en una sentencia dictada en rebeldía. Estos hechos, unidos a las circunstancias que median en este caso, ponen de relieve una cuestión de ética profesio-

nal que no queremos pasar por alto sin hacer constar nuestra desaprobación y nuestra censura.

■ Hecha esta disgresión pasamos a resolver la cuestión planteada. Se alega en primer término que el juez de la corte de distrito erró al dictar en su despacho la resolución de 9 de julio de 1934 que motiva este recurso, porque para ello no tenía facultades ni jurisdicción en virtud de que la corte se encontraba en su período regular de vacaciones, y la moción que motivó dicha resolución había sido controvertida y requería discusión y práctica de evidencia en corte abierta. La moción presentada por Villamil no requirió práctica de prueba alguna. La corte tuvo conocimiento de que los bienes embargados por Melón Hnos. & Co., S. en C. habían sido también embargados por José R. Villamil, quien fué citado para que mostrase causa por la cual esos bienes no debían ser entregados en ejecución de sentencia a la referida sociedad. También tuvo conocimiento judicial la corte del fallo dictado en apelación por este tribunal anulando el embargo trabado por la demandante en los bienes de R. Muñiz de León & Co., S. en C. El tribunal inferior, a pesar de la oposición de Villamil, resolvió entregar los referidos bienes a la demandante para hacer efectiva su sentencia. De acuerdo con el artículo 22 del Código de Enjuiciamiento Civil, los jueces de distrito tienen facultades para dictar en su despacho todas las providencias encaminadas a asegurar la efectividad de las sentencias que se soliciten en el período de ejecución de sentencias. No hay duda de que el juez de la corte inferior tuvo facultad para dictar en su despacho la resolución entregando el dinero a Melón Hnos. & Co., S. en C. para darle efectividad a la sentencia dictada en su favor. Tampoco debe haberla para que el juez, en el uso de esas mismas atribuciones, ordene en su despacho la restitución del dinero indebidamente entregado. Debe desestimarse el error apuntado.

Se arguye como segundo motivo de error que la resolución dictada por la corte de distrito tiene el carácter de una

sentencia que priva de sus bienes a la demandante sin el debido procedimiento de ley. La improcedencia de este error es tan clara que debe ser desestimado sin discusión.

■ Se alega por último que el juez de la corte de distrito erró al dictar la aludida resolución, porque el embargo de los bienes que la demandante hizo a su deudora la demandada quedó sancionado por ésta y por el reembargante José R. Villamil en virtud de la realización posterior de actos que hicieron bueno el embargo.

El Sr. Villamil, lejos de estar conforme con la resolución entregando los bienes a Melón Hnos. & Co., S. en C., se opuso a la misma y solicitó su reconsideración, alegando, entre otras razones, que su embargo, trabado en 21 de diciembre de 1932, tenía prioridad sobre el trabado por Melón Hnos. & Co., S. en C., en 13 de diciembre del mismo año, por ser este último embargo completamente nulo y haberse apelado de la resolución de la corte manteniendo ese embargo en vigor. Alegó además Villamil que únicamente en caso de ser confirmada la resolución apelada tendría prioridad Melón Hnos. & Co., S. en C., sobre los bienes embargados; pero que de ser revocada la referida resolución, su derecho de prioridad quedaría reconocido y determinado.

Melón Hnos. & Co., S. en C., no puede llamarse a engaño. Se incautó de los bienes sabiendo que había sido trabado un segundo embargo por el Sr. Villamil y que la resolución de la corte inferior manteniendo el primer embargo había sido apelada para ante esta Corte Suprema. Una vez anulado el embargo por este Tribunal, Villamil adquirió un derecho de prioridad en virtud del embargo trabado sobre los referidos bienes.

■ El argumento de que Villamil no es parte en este litigio no puede ser sostenido. Aparte de que fué citado a instancias de Melón Hnos. & Co., S. en C., cuando presentó su moción para que se le hiciese entrega de los bienes, su derecho a oponerse a esa entrega no puede serle discutido.

Tampoco puede discutírsele el derecho de ordenar que esos bienes sean restituídos a la secretaría del tribunal. Un acreedor que ha obtenido un segundo embargo tiene el derecho de intervenir y de ser oído, y la corte inferior hizo muy bien en reconocer a Villamil ese derecho. *T. Rodríguez Hnos., S. en C.* v. *Corte,* 40 D.P.R. 875, 879.

*Debe confirmarse la resolución apelada.*