MELÓN HNOS. & Co., S. EN C., demandante y apelada, *v.* R. MUÑIZ DE LEÓN & CÍA., S. EN C., demandada; JOSÉ R. VILLAMIL, interventor y apelante.

Núm. 7591.—*Sometido:* Diciembre 21, 1938. *Resuelto:* Enero 30, 1939.

*F. M. Susoni, Jr.* abogado del apelante; *Angel A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los antecedentes de este caso se encuentran expuestos en la opinión emitida por esta corte en el de *Melón Hnos. & Co. v. R. Muñiz, Etc., y Villamil, Int.,* 49 D.P.R. 703, de donde se transcriben para una mejor comprensión de las cuestiones a resolver ahora:

"Melón Hnos. & Co., S. en C., demandó a R. Muñiz de León en cobro de dinero y solicitó una orden de aseguramiento de sentencia que fué decretada contra bienes de la propiedad del deman-

dado. En 13 de diciembre de 1932, el márshal, cumplimentando la referida orden, embargó como de la propiedad de R. Muñiz de León bienes pertenecientes à R. Muñiz de León & Co., S. en C.

"Tres días después de trabado el embargo la parte demandante, con autorización de la corte de distrito, presentó una demanda enmendada, haciendo figurar como demandada a R. Muñiz de León & Co., S. en C., por haber sufrido un error al demandar a R. Muñiz de León. Algún tiempo después la sociedad R. Muñiz de León & Co., S. en C., contra la cual se expidió un nuevo emplazamiento, solicitó la nulidad del embargo por haberse trabado en una acción dirigida contra R. Muñiz de León y no contra la referida sociedad, que es una distinta entidad jurídica. La corte inferior declaró sin lugar la moción de la demandada sobre nulidad de embargo. La referida resolución fué más tarde revocada por esta Corte Suprema. *Melón Hnos. & Co., S. en C.*, v. *Muñiz de León,* 47 D.P.R. 91.

"Mientras se sustanciaba la apelación continuó el pleito en la corte de distrito contra R. Muñiz de León & Co., S. en C., hasta su terminación. Los bienes embargados sujetos a deterioro fueron vendidos por orden judicial, produciendo la venta la cantidad de $703.02, que fué depositada en la secretaría de la Corte de Distrito de San Juan. Estos bienes fueron también embargados en 21 de diciembre de 1932 por José R. Villamil, quien había demandado a la referida sociedad R. Muñiz de León & Co., S. en C., en la Corte de Distrito de Arecibo. Luego, cuando los bienes fueron vendidos y depositado su importe en la secretaría de la Corte de Distrito de San Juan, Villamil pidió y obtuvo que se dictara una nueva providencia, en 13 de octubre de 1933, ordenando al secretario de la Corte de Distrito de San Juan que se abstuviera de entregar o disponer del importe de dichos bienes.

"Firme ya la sentencia obtenida por Melón Hnos. & Co., S. en C., contra la sociedad mencionada, solicitó que se le entregara la cantidad depositada en la secretaría de la corte de distrito. Se negó el tribunal a decretar lo solicitado, porque los bienes habían sido también embargados por José R. Villamil. Entonces Melón Hnos. & Co., S. en C., pidió que se citara a Villamil para que mostrara causa por la cual no debía ser entregado a la sociedad referida el dinero depositado. Así lo hizo la corte, y haciendo constar que de los autos no aparecía oposición alguna formulada por el Sr. Villamil, ordenó al secretario del tribunal que entregase la suma de $728.47 que tenía en su poder como producto de los bienes embar-

gados a la demandada en aseguramiento de sentencia y que fueron también embargados por José R. Villamil. A pesar de que la corte dice que de los autos no surge la comparecencia de Villamil, la verdad es que el mismo compareció mediante moción oponiéndose a la entrega del dinero.

"Al recaer el fallo de esta Corte Suprema decretando la nulidad del embargo trabado contra bienes de R. Muñiz de León & Co., S. en C., antes de figurar como parte demandada, el Sr. Villamil solicitó de la corte que ordenase a Melón Hnos. & Co., S. en C., bajo apercibimiento de desacato, que depositase inmediatamente en la secretaría del tribunal el dinero que le había sido entregado. Se opuso la sociedad referida a esta solicitud, pidiendo su eliminación, por no ser Villamil parte en el litigio y no tener a su juicio derecho para intervenir y obtener el remedio solicitado. La corte ordenó que se requiriese inmediatamente a la referida sociedad para que sin excusa ni pretexto alguno, bajo apercibimiento de desacato, devolviese y depositase en la secretaría de la corte la cantidad de $728.47 que le fué entregada en virtud de resolución judicial. Contra esta orden interpuso la parte perjudicada el presente recurso de apelación.

"La parte apelante llama la atención hacia el hecho de que Valentín Polanco de Jesús, abogado de R. Muñiz de León & Co., S. en C., es quien aparece demandando a esta sociedad y embargando sus bienes a nombre de José R. Villamil, para cobrarle la suma de $1,500 de principal, con sus intereses. El abogado Polanco, a nombre de Villamil, embarga a R. Muñiz de León & Co., S. en C., los mismos bienes que ocho días antes habían sido embargados por Melón Hnos. & Co., S. en C., en la acción dirigida contra R. Muñiz de León. Y es también cierto que el Sr. Polanco, abogado de R. Muñiz de León & Co., S. en C., en el pleito seguido contra dicha sociedad por Melón Hnos. & Co., S. en C., aparece al mismo tiempo representando a José R. Villamil en el pleito incoado por éste contra la susodicha sociedad R. Muñiz de León & Co., S. en C., que culminó en una sentencia dictada en rebeldía. Estos hechos, unidos a las circunstancias que median en este caso, ponen de relieve una cuestión de ética profesional que no queremos pasar por alto sin hacer constar nuestra desaprobación y nuestra censura."

Hasta aquí la relación de hechos en aquella opinión que sirvió de base a este Tribunal Supremo para confirmar, en 18 de marzo de 1936, la resolución apelada.

Posteriormente, i. e. en 23 de abril de 1936, José R. Villamil solicitó de la Corte de Distrito de San Juan una orden dirigida al secretario para que este funcionario procediera a dar cumplimiento a la mencionada sentencia del 18 de marzo de 1936, requiriendo a la sociedad Melón Hnos. & Co., S. en C., para que devolviese y depositase en la secretaría de aquella corte la cantidad de $728.47 que le fué entregada en virtud de resolución judicial. Así fué ordenado en 30 de abril de 1936. En 7 de mayo de ese mismo año, la mercantil Melón Hnos. & Co., S. en C., pidió término para exponer las razones por las cuales no debía obligársele a consignar en secretaría la suma de $728.47, a lo que se negó la corte por resolución de igual fecha, fundándose en que no podía conceder ninguna moción hasta tanto no cumpliera la mercantil referida con la orden del día 30 de abril de 1936, supra. Dos días después, en 9 de mayo de 1936, Melón Hnos. pidió permiso para radicar una moción de reconsideración de la orden dictada en 30 de abril de 1936 (supra), para que dicha orden se dejara en suspenso hasta tanto se resolviera la moción de reconsideración, y con el fin de que quedara garantizado el interventor José R. Villamil de que la consignación sería hecha si la reconsideración era en definitiva desestimada, presentó para su aprobación una fianza hasta la suma de $728.47. A todo lo solicitado en esta moción accedió la corte en 9 de mayo de 1936. El 28 de mayo siguiente Melón Hnos. radicó un escrito titulado "Mostración de causa," en el que alegó bajo juramento las razones que tenía para no hacer la consignación y para que se reconsiderase la orden de 30 de abril de 1936. La corte inferior las resume así:

"(1) Que la demandante no ha recibido en ningún momento del secretario de esta corte $728.47, sino $703.02.

"(2) Que desde antes de radicar José R. Villamil sus mociones sobre consignación, la demandante no tiene en su poder los indicados $703.02 porque los entregó íntegramente a la corporación del país denominada 'Asociación de Comerciantes Mayoristas, Inc.,' a la cual pertenece la demandante y otras firmas comerciales acree-

doras de la demandada R. Muñiz de León y Co., S. en C., con objeto de que su importe fuera distribuído, como lo fué, de acuerdo con los estatutos de dicha asociación, entre los distintos asociados acreedores de la demandada, habiéndose efectuado la distribución de ese dinero, mediante pago hecho por la aludida asociación, el 25 de junio de 1934, en la siguiente proporción:

"A la mercantil Cividanes Sobrino y Co., a quien la demandada debía $312.02, le fué pagada la suma de _____ $124. 25
"A la mercantil Rodríguez Ante y Co., a quien la demandada debía $48.89, le fué pagada la suma de_____ 19. 47
"A la mercantil Juan Cabrer, Inc., a quien la demandada debía $42.84, le fué pagada la suma de_____ 17. 06
"A la mercantil The Royal Hat Co., a quien la demandada debía $22.44, le fué pagada la suma de_____ 8. 94
"A la mercantil demandante Melón Hnos. y Co., S. en C., a quien la demandada debía $660.30, le fué pagada la cantidad de_____ 262. 95
"Pagado por costas y honorarios de abogado de la demandante_____ 270. 35

"Total_____ $703. 02

"(3) Que el embargo de los $728.47 que motivan este incidente, practicado por José R. Villamil con motivo del pleito civil núm. 13,603 de la Corte de Distrito de Arecibo, es nulo porque fué practicado en ejecución de una sentencia también nula dictada en rebeldía, sin jurisdicción.

"(4) Porque la demanda radicada por José R. Villamil contra R. Muñiz de León y Co., S. en C., es falsa, simulada y fraudulenta y presentada con el único propósito de perjudicar a la aquí demandante Melón Hnos. y Co., S. en C."

El día 9 de noviembre de 1936 declaró la corte bien justificadas las razones aducidas en dicha moción y en su virtud resolvió reconsiderar su orden del 30 de abril de 1936, dejándola sin ningún valor ni efecto legal. José R. Villamil apeló.

No obstante nuestra expresa desaprobación y censura de la falta de ética profesional envuelta en el hecho de que el mismo abogado de la sociedad deudora demandada fuera el que a nombre de José R. Villamil demandó a dicha sociedad

y embargó los bienes de ésta, pocos días después de practicado el embargo de Melón Hnos. & Cía., el abogado del interventor y apelante en el presente recurso, a quien debemos presumir enterado de todos los antecedentes de este caso, incurre en la misma falta de ética profesional, la que tampoco podemos pasar por alto y sin calificarla como reprobable y digna de censura. En el recurso núm. 6332, *Melón Hnos. & Cía., S. en C.,* v. *R. Muñiz de León* (47 D.P.R. 91), el abogado Francisco M. Susoni, Jr., compareció en representación del demandado, miembro de la sociedad R. Muñiz de León & Co., S. en C., para solicitar la nulidad del primer embargo trabado por Melón Hnos. & Cía. En el recurso núm. 6795, *Melón Hnos. & Cía.* v. *R. Muñiz de León & Cía., y José R. Villamil, interventor* y segundo embargante, el abogado Susoni representó a la sociedad demandada y el abogado J. J. Fuertes al interventor y apelado. Véase 49 D.P.R. 703. En el caso de autos el escrito de apelación aparece suscrito por el abogado Antonio Lens a nombre y en representación del interventor J. R. Villamil y notificado a F. M. Susoni, Jr., como abogado de R. Muñiz de León & Co., S. en C. Ello no obstante, el legajo de la sentencia está certificado por F. M. Susoni, Jr., como abogado de José R. Villamil, y el alegato suscrito por F. M. Susoni, Jr., también como abogado del interventor y apelante, José R. Villamil.

Fué sin duda alguna esa práctica que hemos censurado y el abandono de la cual aconsejamos a la profesión, la que influyó en el ánimo del juez sentenciador para que éste, fijándose solamente en el aspecto moral de la cuestión e interpretando como prueba de confabulación entre la sociedad deudora y el acreedor interventor el hecho de que una y otro estuviesen representados por el mismo abogado, dijese en su resolución apelada lo que sigue:

"Practicó la compareciente prueba documental y testimonial que no vamos a analizar por razones que no queremos exponer en esta resolución, pero prueba que nos ha merecido entero crédito, del conjunto de la cual resulta demostrado, no sólo la buena fe de la deman-

dante, sino las causas o fundamentos por los cuales no debe el Tribunal obligarle a la consignación de la suma de $728.47, a que se refirió en su orden de 30 de abril de 1936.

"En su consecuencia, declara la Corte bien justificadas las razones alegadas por la demandante para que no se le obligue a la consignación del dinero, puesto que no ve el Tribunal cómo puede hacer buena y considerar como legítima una reclamación que aparece tan sospechosa de buena fe y de honestidad, y en su virtud, reconsidera la mencionada orden, dejándola sin ningún valor ni efecto legal; pero dejando siempre a salvo y reservado el derecho que pueda tener J. R. Villamil, o José R. Villamil, o Dr. J. R. Villamil, para que ejercite por la vía ordinaria cualquier acción que pueda tener, en la forma y manera que creyere conveniente."

Aun cuando estuviéramos en condiciones de poder examinar la prueba que tuvo ante sí y que no analizó el juez sentenciador—lo que no sería posible por no haberse elevado a esta corte una transcripción de la evidencia—no lo haríamos, porque estamos convencidos de que la resolución recurrida debe ser revocada por haber sido dictada sin jurisdicción para ello.

Las sentencias dictadas por esta Corte Suprema, confirmando o revocando las de las cortes de distrito, sólo pueden ser apeladas para ante la Corte de Circuito en los casos especificados en el estatuto federal sobre la materia. Una vez remitido el mandato de esta Corte Suprema a la corte inferior, ésta readquiere jurisdicción sobre el caso para el solo fin de ejecutar la sentencia y de dar cumplimiento al mandato de esta Superioridad. No está facultada la corte inferior para abrir el caso de nuevo, ni para reconsiderar, enmendar o suspender la ejecución de la sentencia firme y definitiva de este tribunal. Si esto fuera posible, los litigios serían interminables y las sentencias del más alto tribunal insular no podrían tener jamás la autoridad de cosa juzgada.

La sentencia dictada por esta corte en 27 de noviembre de 1935, confirmando la resolución dictada por la Corte de Distrito de San Juan en julio 9, 1934 (véase 49 D.P.R. 703) es una sentencia firme y definitiva. Era el deber de la corte

inferior hacerla cumplir, obligando a la demandante Melón Hnos. & Co., a restituir a la secretaría de la corte de distrito la cantidad exacta que le había sido entregada como producto de la venta judicial de bienes de R. Muñiz de León & Co.

*Por las razones expuestas debe revocarse la ·resolución recurrida y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión y sin perjuicio del derecho que pueda tener la sociedad acreedora Melón Hnos. & Co., S. en C., para entablar las acciones o procedimientos que estime procedentes para establecer su alegado derecho al fondo una vez que éste sea puesto de nuevo in custodia legis.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.