Margarita Vere de Garcés, peticionaria, *v.* Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

Núm. 1145.—*Sometido:* Julio 19, 1938. *Resuelto:* Febrero 10, 1939.

---

* Nota: Véase el prefacio.

*Diego Guerrero Noble,* abogado de la peticionaria; *Ángel M. Torres* y *A. Ortiz Toro,* abogados del demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La mercantil Diego Portalatín & Cía., S. en C. demandó en la Corte Municipal de San Juan, Sección Primera, a Margarita Vere de Garcés, en cobro de $53.45. Contestó la demandada negando todos y cada uno de los hechos de la demanda. Llamado el pleito para juicio, según la narración del juez contenida en su sentencia, ". . . la demandada presentó una excepción previa verbal fundada en indebida acumulación de partes demandadas, por el hecho de que la demandada debió ser querellada conjuntamente con su esposo, extremo que resultó de la prueba testifical sometida por ambas partes." La excepción prosperó y la demanda fué declarada sin lugar.

Días después el demandante pidió a la corte municipal que reconsiderara su sentencia, uniendo a su petición una demanda enmendada incluyendo como parte demandada al esposo de la primitiva demandante y pidiendo sentencia contra ambos. Se opuso Margarita Vere de Garcés porque por la demanda enmendada se intentaba establecer una nueva causa de acción, y la corte, invocando el caso de *Flit de Vázquez* v. *White Star Bus Line Inc.,* 50 D.P.R. 99, declaró no haber lugar a la reconsideración.

Apeló el demandante para ante la corte del distrito y suscitada de nuevo ante ella la referida cuestión, fué resuelta en favor del demandante.

La demandada pidió reconsideración alegando:

"Que dicha resolución se basa en que el error de la demanda original consiste en un 'defecto de parte demandada' el cual según la Corte puede corregirse mediante la presentación de una demanda enmendada.

"Que la demandada no está conforme con lo expresado por este Hon. Tribunal y le suplica que reconsidere su resolución de 1 de junio de 1938, declarándola sin lugar bajo el amparo de la jurisprudencia de nuestro Tribunal Supremo reportada en los casos de *Vázquez* v. *Valdés,* 28 D.P.R. 467; *Melón Hnos. & Cía., S. en C.* v. *R. Muñiz de León,* 47 D.P.R. 91; *Flit* v. *White Star Bus Line Inc.,* 50 D.P.R. 99."

Y la corte la negó, como sigue:

"La demandada Margarita Vera de Garcés nos pide que reconsideremos nuestra resolución de 1 de junio de 1938, permitiendo a la demandante enmendar su demanda para incluir también como demandado a Gregorio Garcés, esposo de aquélla y quien es el representante de la sociedad de gananciales  La esposa fué quien tomó para ella, su esposo y los hijos, los efectos cuyo importe se cobra, y ella es parte con interés en la acción, aunque no necesaria.  El defecto de la demanda original al no incluirse al esposo puede corregirse mediante demanda enmendada, sin necesidad de establecer acción por separado.

"La demandada cita los casos de *Vázquez* v. *Valdés,* 28 D.P.R. 467; *Melón Hnos. & Cía., S. en C.* v. *Muñiz de León,* 47 D.P.R. 91; *Flit* v. *White Star Bus Line Inc.,* 50 D.P.R. 99.

"El caso de *Vázquez* v. *Valdés et al.,* fué uno de daños personales ocasionados a la esposa demandante, quien compareció asistida de su esposo, pero la acción pertenecía a la comunidad, y fué propiamente desestimada.  En ese caso se dijo que la esposa era parte propia, aunque no necesaria.

"El caso de *Melón Hnos. & Cía.* v. *R. Muñiz de León,* fué uno donde en una acción contra una persona natural se embargaron bienes de una persona jurídica y luego se enmendó la demanda para corregir un error en el nombre de la parte demandada, sosteniéndose que era improcedente en derecho porque implicaba sustituir la única parte demandada por otra distinta.

"Y el caso de *Flit* v. *White Star Bus Line Inc.,* es igual al de *Vázquez* v. *Valdés, et al.*

"Se declara sin lugar la moción de reconsideración."

Fué entonces que la demandada Margarita Vere de Garcés archivó en esta Corte Suprema su solicitud de *certiorari*. Expedido el auto, contestó el juez de distrito elevando el expediente original que hemos tomado como base para la exposición de los hechos que anteceden.

Reducida a sus últimos términos la cuestión envuelta es la siguiente. Demandada una persona contra la cual no existe causa de acción ¿puede permitirse una enmienda a la demanda por virtud de la cual se traiga al pleito la persona contra la cual existe la causa de acción ejercitada, o es necesario iniciar contra ella otra acción independiente?

En otras palabras. En este caso ante una corte municipal se ejercitó una acción en cobro de pesos contra una mujer casada. Ésta alegó que contra ella no existía causa de acción y así lo resolvió propiamente la corte por tratarse de una deuda de la sociedad de gananciales. Luego de dictada la sentencia declarando la demanda sin lugar por tal motivo, se pidió a la corte que permitiera la radicación dentro del pleito de una demanda enmendada dirigida contra la primitiva demandante y contra su esposo, o sea contra los componentes de la sociedad de gananciales expresándose que los artículos origen de la reclamación fueron tomados por la demandada Vere en el comercio de la demandante "para ella, su esposo y sus hijos". La corte municipal sostuvo su criterio, pero apelado el pleito para ante la corte de distrito ésta permitió la radicación de la demanda enmendada.

¿Pudo hacerlo? A nuestro juicio no pudo.

En el caso de *Vázquez* v. *Valdés, et al.*, 28 D.P.R. 467, decidió esta corte que:

"No considerando el artículo 1314 del Código Civil Revisado como bienes propios de la esposa el derecho a reclamar indemnización por daños y perjuicios causados a ésta, tal derecho es necesariamente una propiedad ganancial, por lo que no aduce hechos suficientes para constituir causa de acción una demanda en la cual la reclamación no se establece para la sociedad de gananciales sino para la esposa ex-

clusivamente; y no altera la regla el hecho de que la esposa reclamante aparezca en la demanda siendo asistida por su esposo.''

En los de *Flit* v. *White Star Bus Line, Inc.,* 49 D.P.R. 144 y 50 D.P.R. 98, se reafirmó esa doctrina y se concluyó que el defecto no constituía falta de capacidad en la demandante sino falta de causa de acción.

Y recientemente en el de *González* v. *White Star Bus Line,* 53 D.P.R. 345, 347, llevando la cuestión al campo de las enmiendas, se dijo:

"Pidió la demandante a la corte que reconsiderara su sentencia y le permitiera radicar una demanda enmendada. Oyó la corte a ambas partes y, citando el artículo 140 del Código de Enjuiciamiento Civil y el caso de *Merino* v. *City of New York Fire Ins. Co.,* 35 D.P.R. 451, el veinte del propio febrero de 1937 dejó sin efecto su sentencia y concedió permiso para que la demanda enmendada fuera radicada, siendo contra esa orden de la corte que se interpuso el presente recurso de apelación.

"¿Tuvo facultad la corte de distrito para actuar en la forma en que lo hizo?

"La demandada y apelante sostiene que no, porque la demanda original era fatalmente defectuosa y no susceptible de enmienda, porque la demanda enmendada no corrige el defecto de la original y porque no teniendo derecho de acción alguno la demandante, tampoco lo tenía a ser sustituída por otra parte ajena al litigio. Y tiene razón a nuestro juicio.

"Citando el caso de *Dubbers* v. *Goux,* 51 Cal. 153, dice Bancroft: '' '. . . no puede sustituirse el demandante que entabló la acción por un nuevo demandante, cuando la parte que viene como sustituta es la única que tenía un interés actual al tiempo que se entabló la acción.' (Bancroft's Code Pleading, Vol. 1, sec. 574, pág. 830.)

"Siendo ello así, como la sociedad de gananciales que trató de traerse al pleito era la única que tenía un interés actual al tiempo en que se entabló la acción, claro es que la demanda enmendada no pudo admitirse. La corte carecía de autoridad para ordenar por tal medio que un pleito que cayó por su base, que era a los efectos legales inexistente, continuara en pie, como si se hubiera válidamente iniciado cuando la primitiva demanda fué archivada.''

Aquí la demandante tenía una causa de acción pero no contra la persona contra quien la ejercitó, y siendo ello así

no pudo a nuestro juicio dirigirse por primera vez la demanda contra la propia parte demandada como se intentó hacerlo, o sea contra la sociedad de gananciales, aunque de dicha sociedad formara parte la demandada, porque eso no obstante es lo cierto que la sociedad constituye una persona jurídica distinta de las de sus socios. Aunque aquí se trata de partes demandadas y en los casos citados de partes demandantes el principio es igual. "La concesión de permiso para enmendar una demanda que tiene por fin no el corregir un error de nombre en ella sino el de sustituir la única parte demandada por otra completamente distinta, es improcedente en derecho", resolvió esta corte en el caso de *Melón Hnos. & Co., S. en C.* v. *R. Muñiz de León,* 47 D.P.R. 91.

La regla con respecto a enmiendas en relación con nuevas partes demandantes o demandadas ha sido claramente expuesta por Bancroft, como sigue:

"Aún cuando la corte puede, en ayuda de la justicia, y bajo aquellos términos que sean apropiados, enmendar cualquier alegación bien añadiéndole, o eliminándole partes, existe la regla general que, en tal forma, no puede efectuarse un cambio total de partes demandantes o demandadas. Una sustitución de partes que envuelve un cambio en la causa de acción no es, como regla general, permisible. Por ejemplo, no puede sustituirse al demandante original por un nuevo demandante, cuando el sustituto era, al tiempo de radicarse la acción, la verdadera y única parte interesada. Ni puede sustituirse a la parte originalmente demandada cuando no exista entre ellos relación (privity) o interés común." I Bancroft's Code Pleading, págs. 830 y 831.

Lo que nos ha hecho dudar del alcance de nuestra conclusión en este caso concreto, es la circunstancia de la innegable conexión que existe entre la esposa demandada y la sociedad de gananciales de que forma parte, pero esa duda desaparece al aplicar en toda su extensión la doctrina sentada en los casos de Vázquez, Flit y González, supra.

*En tal virtud debe anularse la resolución de que se queja la peticionaria o sea la dictada por la Corte de Distrito de*

*San Juan en junio 1, 1938, por la cual se admitió la demanda*
*enmendada y devolverse el pleito a la dicha corte de distrito*
*a los fines que fueren procedentes.*