Melón Hnos. & Co., S. en C., demandante y apelada, *v.* R. Muñiz de León & Cía., S. en C., demandada; José R. Villamil, interventor y apelante.

Núm. 7591.—*Resuelto:* Enero 8, 1940.

*F. M. Susoni, Jr.,* abogado del apelante; *Angel A. Vázquez,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Al resolver este tribunal en 30 de enero de 1939 (54 D.P.R. 182) el recurso de apelación interpuesto por José R. Villamil contra una resolución de la Corte de Distrito de San Juan de fecha 9 de noviembre de 1936, se expresó en la opinión emitida al efecto del siguiente modo:

"No obstante nuestra expresa desaprobación y censura de la falta de ética profesional envuelta en el hecho de que el mismo abogado de la sociedad deudora demandada fuera el que a nombre de José R. Villamil demandó a dicha sociedad y embargó los bienes de ésta, pocos días después de practicado el embargo de Melón Hnos. & Cía., el abogado del interventor y apelante en el presente recurso, a quien debemos presumir enterado de todos los antecedentes de este caso, incurre en la misma falta de ética profesional, la que tampoco podemos pasar por alto y sin calificarla como reprochable y digna de censura. En el recurso núm. 6332, *Melón Hnos. & Cía., S. en C.,* v. *R. Muñiz de León* (47 D.P.R. 91), el abogado Francisco M. Susoni, Jr., compareció en representación del demandado, miembro de la sociedad R. Muñiz de León & Co., S. en C., para solicitar la nulidad del primer embargo trabado por Melón Hnos. & Cía. En el recurso núm. 6795, *Melón Hnos. & Cía.,* v. *R. Muñiz de León & Cía.* y *José R. Villamil, interventor,* y segundo embargante, el abogado

Susoni representó a la sociedad demandada y el abogado J. J. Fuertes al interventor y apelado. Véase 49 D.P.R. 703. En el caso de autos el escrito de apelación aparece suscrito por el abogado Antonio Lens a nombre y en representación del interventor J. R. Villamil y notificado a F. M. Susoni, Jr., como abogado de R. Muñiz de León & Co., S. en C. Ello no obstante, el legajo de la sentencia está certificado por F. M. Susoni, Jr., como abogado de José R. Villamil, y el alegato suscrito por F. M. Susoni, Jr., también como abogado del interventor y apelante, José R. Villamil.

"Fué sin duda alguna esa práctica que hemos censurado y el abandono de la cual aconsejamos a la profesión, la que influyó en el ánimo del juez sentenciador para que éste, fijándose solamente en el aspecto moral de la cuestión e interpretando como prueba de confabulación entre la sociedad deudora y el acreedor interventor el hecho de que una y otro estuviesen representados por el mismo abogado, dijese en su resolución apelada lo que sigue. . ."

Notificado el abogado F. M. Susoni, Jr., de dicha opinión y de la sentencia que en ella se basa, ha radicado ante nosotros un escrito que intitula "Moción solicitando modificación de la opinión de 30 de enero, 1939," en que alega lo siguiente:

"Que el compareciente quiere y es su propósito aclarar en tal forma su posición ante este Tribunal que se elimine en absoluto de la mente de los honorables magistrados que constituyen esta Superioridad el concepto que hayan podido tener del profesional suscribiente con motivo de su representación profesional en el caso de epígrafe.

"El abogado suscribiente desde que trasladó su oficina a esta ciudad de San Juan en el año 1933, se hizo cargo de todos los casos de su tío, Lic. Antonio Lens Cuena, residente en Arecibo, que deban ser vistos ante esta Corte, ante cualquier corte de San Juan o ante cualquier organismo del gobierno.

"Que en tal representación, o sea a nombre del abogado Antonio Lens Cuena, el día 16 de noviembre de 1936 fué su propósito certificar conjuntamente con el abogado de la demandante apelada, el legajo de la sentencia en el caso de epígrafe y con relación al recurso de apelación que nos ocupa.

"Que la representación que el abogado compareciente asumió del interventor apelante lo fué a nombre del abogado Antonio Lens Cuena, que por ser su tío y mediar entre ambos absoluta confianza, no tuvo en este caso ni en ningún otro, la precaución de así hacerlo constar

en autos, tal y como ocurre ahora mismo en el recurso de revisión de la Comisión Industrial de Puerto Rico Núm. 163 seguido por Guillermo Silva v. Compañía Azucarera de Camuy, Inc., que pende ante esta Corte, en cuyo caso el nombre del abogado Antonio Lens Cuena no aparece del expediente, siendo lo cierto que la corporación Compañía Azucarera de Camuy es cliente del mencionado abogado Antonio Lens Cuena y no del suscribiente que la ostenta en su representación.

"Que a pesar de que el abogado compareciente no iba a actuar personalmente a nombre del interventor apelante, sino del compañero Antonio Lens Cuena, estudió, consideró y consultó su posición profesional antes de asumir la representación de su colega, luego de todo lo cual y con la expresa aprobación del propio magistrado del tribunal inferior, Hon. Carlos Llauger Díaz, el suscribiente se decidió a asumir dicha representación.

"Que el compareciente actuó como abogado de la mercantil R. Muñiz de León & Co., S. en C., contra la demandante, Melón Hnos. & Co., S. en C., hasta que en 26 de junio de 1934 este Hon. Tribunal dijo lo siguiente (47 D.P.R. 95):

" 'Hemos estudiado con alguna atención la cuestión planteada, favorablemente inclinados a conceder la enmienda autorizada por la corte inferior, a fin de evitar a la demandante la necesidad de iniciar un nuevo litigio . . . '

"Claramente sostuvimos desde dicha fecha que R. Muñiz de León & Co., S. en C., había desaparecido de este pleito y que contra dicha mercantil demandada nada podía haber, luego de no haberse permitido la enmienda y de decretarse la nulidad del embargo trabado sobre bienes de su propiedad por la demandante apelada, según sentencia definitiva de esta Hon. Corte.

"Que habiendo sido traído el interventor apelante por la demandante apelada, Melón Hnos. & Co., S. en C., a este litigio, con el propósito de discutir la legalidad o ilegalidad de la retención del dinero por dicha apelada, este incidente de prioridad de embargo en nada envuelve a la mercantil R. Muñiz de León & Co., S. en C., por ser dos actuaciones con relación a casos distintos, ya que el interventor apelante no ha actuado en este litigio en contra de R. Muñiz de León & Co., S. en C., sino en contra de Melón Hnos. & Co., S. en S., solamente.

"Aseguramos a este Hon. Tribunal, bajo el juramento que habremos de prestar más adelante, que la parte de la opinión del magistrado de la corte inferior que se transcribe en la opinión de esta corte (páginas 9 y 10 de la opinión) no tuvo por fundamento las

actuaciones profesionales del suscribiente, ya que este abogado asumió dicha representación por autorización expresa del mencionado magistrado.''

Resolviendo el antes mencionado escrito del abogado Susoni, declaramos ahora, como antes lo hicimos, que la práctica seguida en la tramitación de este pleito es censurable y debe descontinuarse. No obstante, opinamos que debemos aceptar para que consten en récord las razones aducidas por el abogado Susoni, las que tienden a justificar sus actuaciones en este pleito.