MELÓN HNOS. & Co., S. EN C., demandante y apelada, *v.* R. MUÑIZ DE LEÓN & CÍA., S. EN C., demandada; JOSÉ R. VILLAMIL, interventor y apelante.

Núm. 7591.—*Sometido:* Abril 22, 1940. *Resuelto:* Mayo 20, 1940.

*F. M. Susoni, Jr.,* abogado del apelante; *Angel A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 30 de enero de 1939 dictamos sentencia en el caso de autos revocando la resolución apelada y devolviendo el

caso a la corte de su origen para ulteriores procedimientos. *Melón Hnos. & Co. v. R. Muñiz, etc., y Villamil, interventor,* 54 D.P.R. 182.

La parte demandante y apelada nos pidió que reconsideráramos dicha sentencia y señaláramos una nueva vista del caso, primero, por no haber sido notificada por el secretario de este tribunal, según se acostumbra, del día señalado para la audiencia en su fondo de este caso, y segundo, porque de haber tenido oportunidad de comparecer ante esta corte en el referido día y de radicar su alegato, el resultado del caso le hubiera sido favorable.

En vista de las razones aducidas, accedimos a lo solicitado, y en 22 de abril de 1940 declaróse visto nuevamente el recurso con asistencia del abogado Angel A. Vázquez por la parte apelada, a cuyo nombre sometió el caso por los méritos de un alegato que había radicado en 30 de marzo de 1940 y sin informe oral.

Al decidir este recurso originalmente, esto es, en 30 de enero de 1939, opinamos que:

"Las sentencias dictadas por esta Corte Suprema, confirmando o revocando las de las cortes de distrito, sólo pueden ser apeladas para ante la Corte de Circuito en los casos especificados en el estatuto federal sobre la materia. Una vez remitido el mandato de esta Corte Suprema a la corte inferior, ésta readquiere jurisdicción sobre el caso para el solo fin de ejecutar la sentencia y de dar cumplimiento al mandato de esta Superioridad. No está facultada la corte inferior para abrir el caso de nuevo, ni para reconsiderar, enmendar o suspender la ejecución de la sentencia firme y definitiva de este tribunal. Si esto fuera posible, los litigios serían interminables y las sentencias del más alto tribunal insular no podrían tener jamás la autoridad de cosa juzgada.

"La sentencia dictada por esta corte en 27 de noviembre de 1935, confirmando la resolución dictada por la Corte de Distrito de San Juan en julio 9, 1934 (Véase 49 D.P.R. 703), es una sentencia firme y definitiva. Era el deber de la corte inferior hacerla cumplir, obligando a la demandante Melón Hnos. & Co., a restituir a la secretaría de la corte de distrito la cantidad exacta que le había sido entregada

como producto de la venta judicial de bienes de R. Muñiz de León & Co.''

Para sostener que ''...el fraude es uno de los motivos por los cuales una orden de la corte de distrito puede ser por ésta reconsiderada dejándola sin efecto aun después de haber sido confirmada por esta Corte Suprema'' la demandante apelada cita los casos de *Aybar* v. *Vara,* 51 D.P.R. 186; *Mojica* v. *Corte,* 49 D.P.R. 535, y también a 42 C. J. págs. 544–547, secciones 243, 244 y 245.

Los casos de Aybar y de Mojica invocados por la apelada son distintos al de autos, y por tanto inaplicables. En cuanto a la cita a Corpus Juris, no sostiene sus puntos de vista.

No habiendo cambiado nuestro criterio en cuanto a que ningún tribunal inferior a éste tenga facultad para actuar en forma contraria o distinta a las opiniones o a las sentencias que dictamos, se da por reproducida nuestra opinión del día 30 de enero de 1939 y por los fundamentos que en ella se consignan, debe dictarse sentencia revocando la resolución recurrida y devolviendo el caso a la corte inferior para ulteriores procedimientos no incompatibles con dicha opinión, todo ello sin perjuicio del derecho que pueda tener la sociedad acreedora Melón Hnos. & Co., S. en C., a entablar las acciones o procedimientos que estime procedentes para establecer su alegado derecho al fondo una vez que éste sea puesto de nuevo *in custodia legis.*